IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:25-CV-01773 |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC., | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' NOTICE OF INTENT TO SEEK SPOLIATION INSTRUCTION**

Plaintiffs Matthew Rinaudo and Mizkif Enterprises LLC, ("Plaintiffs"), hereby submit this *Notice of Intent to Seek Spoliation Instruction* and would show the Court as follows:

**NOTICE**

1. This lawsuit concerns the activities of a group of "streamers," entertainers who conduct livestreams through platforms such as twitch.tv.

2. Because the vast majority of the parties' business is conducted on the internet, electronically stored data is of critical importance in this case. Nonetheless, Defendants Schunk and OTK Media Inc. ("OTK") have "wiped" a computer containing potentially relevant if not critical information relating to this matter.

3. This lawsuit was filed on November 3, 2025.

4. The following day, it attracted significant media attention from both traditional and social media sources. In all likelihood, Defendants were aware of the lawsuit no later than November 4, 2025.

5. In any event, Defendant Schunk was aware of the lawsuit by November 10, 2025, as she had retained counsel. The undersigned first contacted counsel for Schunk on November 10, 2025.

6. Defendant OTK has been aware of this lawsuit since at least November 6, 2025. The undersigned has been in contact with counsel for OTK since that date.

7. On November 11, 2025, Ms. Schunk hosted a livestream on www.twitch.tv. A copy of the video of her livestream is included herewith as **Exhibit A.**

8. Early in her livestream, Ms. Schunk mentioned that she had replaced her computer. She stated:

    "My other computer is gone. I gave it back to Starforge and *they wiped that sh\*\*.*" **Ex. A** at 26:46 (emphasis added).

9. Starforge is a wholly-owned subsidiary of Defendant OTK Media, Inc.

10. The undersigned contacted counsel for OTK to discuss the destruction of evidence. Counsel for OTK indicated OTK refused to provide any information except a general statement that the destruction was "unrelated to litigation."

11. The undersigned requested specific information from OTK via its counsel concerning what was done to the computer, why it was done, the current state of the computer, and what information had been purged. Counsel for OTK

2

responded that OTK was "not compelled or inclined to provide additional details" beyond its claim that it was not related to litigation.

12. Because of the Defendants' intentional destruction of what is believed to be a repository of information relevant to this case, Plaintiffs hereby advise the Court of their intention to seek a spoliation instruction and adverse inference against Defendants Schunk and OTK as the case progresses.

Dated: December 11, 2025

                      Respectfully submitted,

                      **BURKE BOGDANOWICZ PLLC**

                      */s/ J. Collin Spring*

                      **AARON J. BURKE**
                      Texas Bar No. 24073977
                      *aaron@burkebog.com*
                      **J. COLLIN SPRING**
                      Texas Bar No. 24118989
                      *jspring@burkebog.com*
                      **ALEXIA P. NICOLOULIAS**
                      Texas Bar No. 24125817
                      *anicoloulias@burkebog.com*
                      **J. HUNTER RALSTON**
                      Texas Bar No. 24132460
                      *hralston@burkebog.com*

                      1201 Elm Street, Suite 4000
                      Dallas, Texas 75270
                      Tel/Fax 214.888.2824

                      **ATTORNEYS FOR PLAINTIFFS MATTHEW RINAUDO AND MIZKIF ENTERPRISES LLC**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was electronically submitted with the Clerk of Court for the United States District Court, Western District of Texas, using the electronic case filing system of the Court. A true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing service in accordance with the Federal Rules of Civil Procedure on December 11, 2025.

_/s/ J. Collin Spring_
J. COLLIN SPRING