# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:25-CV-01773-RP |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC., | § § § § § § § | |
| Defendants. | § | |

**ATTORNEY DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

STATE OF NEW YORK        )
                         )
COUNTY OF SARATOGA       )

Steven L. Eychner, Esq., pursuant to 28 U.S.C. §1746, states the following under the penalty of perjury:

1. I am an attorney at law authorized to practice in the State of New York, admitted to practice before this court *pro hac vice* in the above-captioned matter.

2. I am an Associate at the law firm of Newman & Lickstein, LLP, attorneys for defendants OTK Media, Inc. ("OTK"), Mythic Talent Management Inc. ("Mythic"), and King Gaming Labs, Inc. ("King") (collectively, the "Moving Defendants").

3. Accordingly, I am familiar with the matters stated in this Affirmation.

1

4. I submit this Attorney Declaration, together with the Affidavits of Mohammad Arabikatbi and William Lucas, sworn to on December 22, 2025 (hereinafter the "OTK Affidavits"), in support of Moving Defendants' Motion to Compel Arbitration and Stay Litigation.

5. Matthew Rinaudo ("Rinaudo") and Mizkif Enterprises, LLC ("Mizkif") (hereinafter collectively "Plaintiffs") initiated the action on or about November 3, 2025 by filing the Summons and Complaint with Exhibit A. Doc. 1-2.

6. Exhibit A to Plaintiffs' Complaint contained a redacted copy of correspondence from OTK to Plaintiffs dated October 24, 2025 ("Second Notice"). Doc. 2.

7. Plaintiffs and Mythic entered into a valid and binding agreement (the "Representation Agreement") with an arbitration clause (the "Arbitration Clause") on January 2, 2023.

8. The Arbitration Clause is clear that all disputes arising out of the Representation Agreement shall be determined by arbitration.

9. Plaintiffs' claims against Mythic with respect to outstanding commissions and breach of the Representation Agreement fall within the scope of the Arbitration Clause, since it dictates that all claims or controversies of every kind and nature whatsoever arising out of, or in connection with such agreement, shall be finally determined by arbitration, explicitly including commission disputes.

10. The Arbitration Clause is presumed valid and enforceable under the Federal Arbitration Act (the "FAA"). The FAA requires the Court to enforce the Arbitration Clause. The FAA applies because the Representation Agreement affected interstate commerce and there are no federal statues or policies rendering Plaintiffs' claims non-arbitrable. The FAA explicitly requires the Court to stay this action until such arbitration has been had in accordance with the terms of the Arbitration Clause.

11. Contemporaneously with or shortly after the filing of this Motion, Mythic will initiate arbitration against Plaintiffs with respect to claims arising out of the Representation Agreement.

12. A stay of all claims against Moving Defendants is appropriate because all claims against Moving Defendants are inextricably intertwined.

13. The Moving Defendants are affiliated entities and all Moving Defendants are parties to the Owners Agreement with Rinaudo effective October 20, 2022 (the "Owners Agreement").

14. In issuing the Second Notice, OTK cited Plaintiffs' breach of the Mythic Representation Agreement as one of many bases for taking action under the Owners Agreement. OTK's actions under the Owners Agreement form the basis for Plaintiffs' claims asserted in the Complaint against the Moving Defendants.

15. As such, the claims in this action are necessarily dependent on the interpretation of the Representation Agreement.

16. Without a stay in this action with respect to all of Plaintiffs' claims against Moving Defendants pending a final resolution of Plaintiffs' claims that are subject to the Arbitration Clause, there will be duplicative discovery and the possibility of inconsistent results. The Court should stay this action with respect to all of Plaintiffs' claims against Moving Defendants pending a final resolution of Plaintiffs' claims that are subject to the Arbitration Clause.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 23, 2025        **NEWMAN & LICKSTEIN, LLP**
                                *Attorneys for Moving Defendants*


                                By: /s/ _____
                                        Steven L. Eychner, Esq.