IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:25-CV-01773 |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC., | § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS OTK, MYTHIC, AND KING'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Rather than address the overwhelming authority raised in the Motion to Compel Arbitration and Stay Litigation (Dkt. 17) (the "Motion to Compel"), Plaintiffs submit an interpretation of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") that is inconsistent with the statute's text and that no court has adopted. The EFAA was enacted to protect victims and complainants of sexual misconduct, not to give the person accused of such misconduct the power to nullify an otherwise enforceable arbitration agreement.

Plaintiffs do not dispute that Plaintiff Rinaudo entered into a binding arbitration agreement with Defendant Mythic Talent Management, nor do they meaningfully contest that the claims asserted against Mythic fall within the agreement's scope. Instead, Plaintiffs seek to wield the EFAA as a procedural bar to arbitration based solely on allegations made *against* Rinaudo, even though Plaintiffs themselves do not allege sexual assault or sexual harassment claims and do not

plausibly plead conduct constituting such claims. There is no support for Plaintiffs' application of EFAA in the statute itself or in any decision applying it. Defendants OTK Media, Inc. ("OTK"), Mythic Talent Management Inc. ("Mythic"), and King Gaming Labs, Inc. ("King") (collectively, the "Moving Defendants"), ask the Court to grant the Motion to Compel.

## ARGUMENT

A.    **Parties Accused of Sexual Misconduct in a Dispute Cannot Avoid Arbitration via the EFAA.**

Whether the EFAA applies to a dispute is a question for the Court. 9 U.S.C. § 402(b). Plaintiffs do not contest that Rinaudo and Mythic entered into an agreement containing a provision requiring that claims within its scope be resolved through arbitration (the "Arbitration Clause"). Instead, Plaintiffs rely on allegations of sexual assault asserted against Rinaudo as a basis to invalidate the Arbitration Clause under the EFAA.

The EFFA provides that "at the election of person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which . . . relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). Thus, it is the person *alleging* the sexual harassment/assault that gets to *elect* whether to enforce an arbitration agreement. *Id.* Plaintiffs are not *alleging* sexual assault or sexual harassment, so they do not get to make the election. *See Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 448 (5th Cir. 1995) ("When courts interpret statutes, the initial inquiry is the language of the statute itself.").

Plaintiffs do not cite a single case in which a person alleged to have committed the sexual assault or sexual harassment was permitted to utilize the forum selection provision of the EFAA. Conversely, cases in other jurisdictions unanimously affirm that the EFAA is only available to

complainants alleging conduct constituting sexual harassment or sexual assault, not their accused. The most directly analogous case is *Raupp v. Compass Grp. USA, Inc.* where the court rejected an accused party's attempt to invoke the EFAA based on allegations made against him, explaining that, "[t]he plain text of the EFAA confers the choice of whether or not arbitration is required to the person who 'alleges conduct constituting a sexual harassment dispute.'" *Raupp v. Compass Grp. USA, Inc.*, No. 24-10565, 2024 WL 4948838, at 2 (E.D. Mich. Dec. 3, 2024). Because the plaintiff in *Raupp* was not the complainant alleging sexual harassment, but instead the subject of such allegations the court held that the plaintiff could "not invoke the EFAA to invalidate the arbitration clause due to another person's sexual harassment allegation [against him]." *Id.* (internal citations omitted).

The conclusion in *Raup* accords with every other federal court to consider the issue. For example, the Third Circuit explained that "the EFAA renders arbitration agreements invalid and unenforceable, at the election of the *complainant*, in sexual assault and sexual harassment cases." *Cornelius v. CVS Pharmacy Inc.*, 133 F.4th 240, 245 (3d Cir. 2025), cert. denied (emphasis added) (quoting *Olivieri v. Stifel, Nicolaus & Co.*, Inc 112 F.4th 74, 77 (2d Cir. 2024)). The Second Circuit has summarized the rule as follows: "In broad strokes, the EFAA renders arbitration agreements invalid and unenforceable, *at the election of the complainant*, in sexual assault and sexual harassment cases." *Olivieri*, 112 F.4th at 77 (emphasis added).

Plaintiffs attempt to cram Rinaudo into the scope of the EFAA by saying he is a "'person alleging conduct' for purposes of making the EFAA election to preclude arbitration." (Response at 7.) He emphasizes that the EFAA does not use the word "victim," but instead gives the power to elect the forum to the "person alleging conduct." (*Id.*) But Plaintiffs quotation of the EFAA stops too short. The statute states that it is "the person alleging conduct *constituting a sexual*

*harassment dispute or sexual assault dispute*" that may elect to proceed in court rather than in an arbitration. 9 U.S.C. § 402(a). Rinaudo "does not concede that he committed a nonconsensual sexual act or sexual conduct" (Response at 5) and most definitely is not the party alleging that sexual harassment/assault occurred. The EFAA requires more than merely "alleging conduct;" it requires alleging conduct constituting sexual harassment or sexual assault. Plaintiffs have not alleged such conduct and may not make the election to proceed in court under the EFAA.

Independent of who may invoke the EFAA, the statute is triggered only when a plaintiff plausibly alleges a qualifying sexual assault or sexual harassment dispute. *Usai v. Club Mgmt. Miami II, LLC*, 801 F. Supp. 3d 1295, 1309-10 (S.D. Fla. 2025). Plaintiffs have not done so, and in fact deny that such an event took place. Instead, Plaintiffs rely on allegations included only as background to their defamation and contract claims to recast this case as a "sexual assault dispute" for purposes of the EFAA. Where, as here, the operative claims sound in contract, and any references to sexual misconduct appear solely as contextual background rather than as the basis for a qualifying claim, the EFAA is not implicated.

Likewise, courts have recognized that the EFAA was enacted to grant complainants control over forum selection when seeking to redress sexual assault and sexual harassment, and to limit an employer's ability to override that choice. *Ding v. Structure Therapeutics, Inc.*, 755 F. Supp. 3d 1200, 1215–16 (N.D. Cal. 2024). As *Ding* explains, that understanding is confirmed by the statute's legislative history, which reflects Congress's intent to restore access to courts for victims of sexual misconduct. *Id.* (citing H.R. Rep. No. 117-234, at 2–4 (2022)).

**B.     The Cases Cited by Plaintiffs Do Not Show that the EFAA Gives them the Power to Elect the Forum.**

The cases cited by Plaintiffs in their Response do not contradict the plain language in the EFAA. They stand for the principle that the EFAA may be utilized by victims/survivors of sexual

4

assault and sexual harassment even when their claims are not styled as such. They also show that third-party complainants that are not direct victims of such conduct may fall within the EFAA if they have suffered a legally cognizable harm as a result of sexual harassment/assault.

The plaintiffs discussed in *Usai* were two male employees who alleged their employer retaliated against them for reporting sexual harassment perpetrated against two of their co-plaintiffs. *Usai*, 801 F. Supp. 3d at 1308–09. Unliked the Plaintiffs in this case, the *Usai* plaintiffs were not accused of committing the sexual harassment/assault. *Id.* The plaintiff in *Polen* is distinguishable as she was the victim in a sexual assault dispute who adequately pled claims arising from that conduct. *Polen v. API Grp. Life Safety USA, LLC*, No. 3:25-CV-1196-SI, 2025 WL 3251349, at 4 (D. Or. Nov. 21, 2025) (complaining that employer improperly responded to consequences plaintiff suffered as a result of a sexual assault). In *Bulic*, the plaintiff alleged that she was raped and/or sexually assaulted by an employee of the defendant. *Bulic v. Celebrity Cruises, Inc.*, No. 25-21231-CIV, 2025 WL 1783865, at 3 (S.D. Fla. June 27, 2025). The fact that the claims were raised under the Jones Act did not preclude application of the EFAA. *Id.* at 4.

In short, nothing in the cases cited by Plaintiffs require this Court to ignore the statute's plain language. Contrary to Plaintiffs' assertions, the cases do not establish any rights under the EFAA for persons alleged to have committed the conduct constituting sexual assault or sexual harassment. These cases especially do not convey rights to Plaintiffs and their claims for breach of contract and declaratory judgment against Moving Defendants, which bear no relationship to the allegedly defamatory statements Plaintiffs rely on as "conduct constituting a sexual assault dispute" under the EFAA.

C. **Plaintiffs Fail to Address or to Sufficiently Rebut Moving Defendants' Arguments that Count 1 and Count 3 are Inextricably Related.**

In responding to Moving Defendants' arguments that all claims against the Moving

Defendants should be stayed due to their relatedness and the risk of duplicative proceedings and inconsistent results, Plaintiffs assert that "[n]o provision of the Owners Agreement makes retaining third party agents a breach of that agreement." (Response at 11.) Plaintiffs further contend that the "Owners Agreement indirectly refers to Rinaudo's 'engagement[s] with . . . any Company Affiliates' exactly once." (*Id.* at 10.) Both assertions are false.

These statements ignore various portions of the OTK Owners Agreement that reference Plaintiffs' obligations with respect to Company Affiliates (*i.e.* Mythic) and establish the bases for breaches of the Owners Agreement that may be invoked depending on the outcome of arbitration on the Representation Agreement. These provisions include, among others, Sections 1(a), 1(b), 1(c), 3, 4(c), 4(d), 5(a), and 7(e) of the Owners Agreement. (Agreement, Dkt. 17-2 at Ex. 2.) As such, as stated by OTK in its Second Notice and the Affidavit of its Chief Executive Officer, OTK had the right to cite Plaintiffs' breach of the Mythic Representation Agreement as the bases for the actions taken by OTK, and the results of the arbitration of Plaintiffs' conduct under the Representation Agreement could have a potentially dispositive effects on Plaintiffs claims against OTK and King. (Aff., Dkt. 17-2 at ¶¶44-46.)

Plaintiffs rely on *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300 (5th Cir. 2016), and *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985), to suggest that concerns about efficiency or piecemeal litigation should guide the Court's analysis, but those decisions say the opposite. As the Supreme Court explained in *Dean Witter*, the Federal Arbitration Act requires courts to compel arbitration "even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." 470 U.S. at 217. Likewise, the Fifth Circuit has made clear that bifurcation is an "inevitable and permissible consequence" when a party asserts a right to arbitrate. *Al Rushaid*, 814 F.3d at 306.

Plaintiffs' attempt to recast these cases as authorizing a discretionary, efficiency-based inquiry is foreclosed by the FAA. Neither *Dean Witter* nor *Al Rushaid* suggests that a court may refuse to compel arbitration or decline an appropriate stay simply because parallel proceedings may result. Any such bifurcation is the expected consequence of enforcing arbitration agreements according to their terms. *Al Rushaid*, 814 F.3d at 306 (noting that "private arbitration agreements must be enforced even if the result is piecemeal or bifurcated litigation"). That principle supports granting the Motion to Compel notwithstanding the presence of co-defendants Hoyt and Schunk, who are parties to the underlying dispute but not to the arbitration agreement. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983).

Unlike the circumstances addressed in *Dean Witter* and *Al Rushaid*, any inefficiency here is not the inevitable result of enforcing the FAA. All Moving Defendants sought a stay at the outset of the litigation, they are not asking the Court to arbitrate non-arbitrable claims, and none of their claims have proceeded in parallel litigation. In these circumstances, the Court has explicit authority to stay claims against the Moving Defendants with their consent where those claims are inextricably intertwined with arbitrable claims or when their resolution turns on interpreting the underlying contract that is subject to arbitration. *See Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999); *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000).

## CONCLUSION

For the reasons set forth above, and for all of the reasons set forth in their prior submissions on Motion to Compel, the Moving Defendants respectfully request that the Court compel arbitration of Plaintiffs' claims (Count 3) against Mythic and stay all claims (Counts 1 and 3)

7

against OTK, Mythic, and King pending a decision on the instant Motion and, if applicable, issuance of a final arbitration award.

Dated: January 22, 2026

Respectfully submitted,

*/s/ Steven L. Eychner*
Steven L. Eychner, Esq.
Admitted *Pro Hac Vice*
NY Bar No. 5752092
seychner@newmanlickstein.com
Wesley L. Gerrie, Esq.
Admitted *Pro Hac Vice*
NY Bar No. 5562988
wgerrie@newmanlickstein.com
Dean J. DiPilato, Esq.
Admitted *Pro Hac Vice*
NY Bar No. 3057791
ddipilato@newmanlickstein.com
**NEWMAN & LICKSTEIN, LLP**
109 South Warren Street, Suite 404
Syracuse, New York 13202
Phone: 315-422-1172
Fax: 315-422-1400

*/s/ Jennifer S. Freel*
Jennifer Freel, Esq.
Texas Bar No. 24051327
jfreel@jw.com
**JACKSON WALKER LLP**
100 Congress Avenue, Suite 1100
Austin, TX 78701
Phone: 512-236-2330

**ATTORNEYS FOR DEFENDANTS OTK MEDIA INC., MYTHIC TALENT MANAGEMENT INC., and KING GAMING LABS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system. A true and correct copy of the foregoing document was served upon all counsel record via the Court's electronic filing service in accordance with the Federal Rules of Civil Procedure on January 22, 2025.

                                            */s/ Jennifer S. Freel*
                                            Jennifer S. Freel