UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § § | |
| Plaintiffs, | § § | Case No. 1:25-cv-01773-RP |
| v. | § § § | |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA, INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC., | § § § § § § | |
| Defendants. | | |

### DEFENDANT ZACK HOYT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Defendant Zack Hoyt files this Reply to Plaintiff Matthew Misrendino and Mizkif Enterprises, LLC's ("Plaintiffs") Response to Defendant Hoyt's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and in the alternative a motion for a more definite statement under Federal Rule of Civil Procedure 12(e).

Defendant Hoyt files this reply primarily to urge the Court to dismiss Plaintiff Mizkif Enterprises, LLC's defamation claim, as Plaintiffs' Amended Complaint does not remedy the lack of any allegation to support Plaintiff Mizkif Enterprises, LLC's alleged claim.

## FACTUAL BACKGROUND

Defendant Hoyt filed his Motion to Dismiss (Dkt. Entry No. 20) and pointed out that Mizkiff Enterprises, LLC asserts a defamation claim but makes no allegations that Hoyt made any statement mentioning or concerning Mizkiff Enterprises, LLC. Dkt. Entry No. 20 at p. 6, n.5 (noting there is no allegation that Hoyt made even a single statement regarding the LLC). As Hoyt pointed out, under Texas law, "Plaintiffs must provide the statements regarding the LLC complained about—but they are absent from the pleading." Dkt. Entry No. 20 at p. 11-12.

In response, Plaintiffs filed an Amended Complaint (Dkt. Entry No. 25) that added some information related to the allegations made by the individual Plaintiff, Matthew Misrendino – but again failed completely to provide any allegations to support the LLC's defamation claim.

Along with their Amended Complaint, Plaintiffs simultaneously filed a Response to the Motion to Dismiss (Dkt. Entry No. 26), arguing that Defendant Hoyt's Motion to Dismiss is now moot based solely on their Amended Complaint. Dkt. Entry No. 20 at ¶ 3. But Defendants' Amended Complaint still does not provide allegations to support Plaintiff Mizkif Enterprises, LLC's defamation claim, and Plaintiffs also did not attempt to rebut that argument in their response to Hoyt's Motion to Dismiss. Hoyt's Motion to Dismiss should therefore be granted, at least as to the LLC's claim of defamation.

## ARGUMENT

Defendant Hoyt anticipates filing an updated Motion to Dismiss as to the claims made by the individual Plaintiff, Matthew Misrendino, in the newly-filed Amended Complaint. Defendant Hoyt, however, continues to urge his Motion to

2

Dismiss as to the defamation claim of Plaintiff Mizkif Enterprises, LLC.

Plaintiff Mizkif Enterprises, LLC knew that it needed, *at bare minimum*, to furnish the actual statements it claims were defamatory. None were pled. The Plaintiffs (collectively) filed a complaint that solely refers to statements regarding Plaintiff Misrendino, *see* Dkt. Entry No. 25 at ¶¶ 15, 26, 27, 30-31 (referencing allegations about Plaintiff Misrendino a/k/a "Rinaudo").

Plaintiffs declined to devote a single sentence of their Amended Complaint to explain to Defendant Hoyt or the Court where, how, and when any statement was made by Hoyt about Plaintiff Mizkif Enterprises, LLC – or, assuming any such statement was made, that it was false or that any third party was aware of it. Plaintiffs failed to even allege the elements of a defamation claim as to the LLC.

Plaintiffs' defamation count itself also talks only about "Rinaudo." Dkt. Entry No. 25 at ¶¶ 42-43. The Plaintiff LLC was made aware in Hoyt's Motion to Dismiss that it needed to make sufficient allegations so Defendant Hoyt could then address them, but it declined to give any additional detail as to its alleged claim, which is still missing any pertinent factual allegations even after repleading.

Under other circumstances, Defendant Hoyt might urge the Court to order a more definite statement from the Plaintiff LLC. In the face of Hoyt's Motion to Dismiss, however, Plaintiff Mizkif Enterprises, LLC's pleading has *already* been amended and Plaintiff Mizkif Enterprises, LLC has chosen to stand on that amended complaint. Thus, Plaintiffs knew about the defect in the allegations and had a chance to fix it after Hoyt's Motion, but the Plaintiff LLC has taken no action to cure the fatal defect. In these circumstances, dismissal is appropriate now.

## CONCLUSION

Defendant Hoyt urges the Court to grant his Motion to Dismiss as to the Plaintiff LLC and dismiss Plaintiff Mizkif Enterprises, LLC's purported defamation claim.

DATED: January 29, 2026

Respectfully submitted,

Austin R. Nimocks
Texas Bar No. 24002695
austin@pntlawfirm.com

Christopher L. Peele
Texas Bar No. 24013308
chris@pntlawfirm.com

*/s/ Cleve W. Doty*
Cleve W. Doty
Texas Bar No. 24069627
cleve@pntlawfirm.com

**PNT Law Firm**
206 Wild Basin Rd. S.
Bldg. A, Ste. 206
Austin, TX 78746
Phone: (512) 522-4893
Fax: (512) 522-4893

**COUNSEL FOR DEFENDANT, ZACK HOYT**

## **CERTIFICATE OF SERVICE**

I certify that on January 29, 2026, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

> Aaron J. Burke
> Burke Bogdanowicz PLLC
> 1201 Elm St., Ste. 4000
> Dallas, TX 75270
> (512) 507-4097
> aaron@burkebog.com

*Counsel for Plaintiffs*

> J. Collin Spring
> Burke Bogdanowicz PLLC
> 1201 Elm St., Ste. 4000
> Dallas, TX 75270
> (512) 507-4097
> jspring@burkebog.com

*Counsel for Plaintiffs*

> Alexia P. Nicoloulias
> Burke Bogdanowicz PLLC
> 1201 Elm St., Ste. 4000
> Dallas, TX 75270
> (512) 507-4097
> anicoloulias@burkebog.com

*Counsel for Plaintiffs*

>J. Hunter Ralston
>Burke Bogdanowicz PLLC
>1201 Elm Street, Suite 4000
>Dallas, Texas 75270
>(512) 507-4097
>hralston@burkebog.com

*Counsel for Plaintiffs*

>Jude T. Hickland
>Burke Bogdanowicz PLLC
>1201 Elm Street, Suite 4000
>Dallas, TX 75270
>214-888-2824
>Fax: 214-888-2824
>Email: jhickland@burkebog.com

*Counsel for Plaintiffs*

>Jennifer S. Freel
>Jackson Walker
>100 Congress Ave., Ste. 1100
>Austin, TX 78701
>(512) 739-8414
>(512) 236-2002 (fax)
>jfreel@jw.com

*Counsel for Defendants, OTK Media, Inc. d/b/a One True King, Mythic Talent Management Inc., and King Gaming Labs, Inc.*

>Steven L. Eychner
>Newman & Lickstein, LLP
>109 S. Warrant St., Ste. 404
>Syracuse NY 13202
>(315) 422-1172
>seychner@newmanlickstein.com

*Counsel for Defendants, OTK Media, Inc. d/b/a One True King, Mythic Talent Management Inc., and King Gaming Labs, Inc.*

Wesley Lome Gerrie
Newman & Lickstein, LLP
109 S. Warrant St., Ste. 404
Syracuse, NY 13202
(315) 422-1172
wgerrie@newmanlickstein.com

*Counsel for Defendants, OTK Media, Inc. d/b/a One True King, Mythic Talent Management Inc., and King Gaming Labs, Inc.*

    I further certify that a copy of the foregoing document(s) was e-mailed to the person(s) listed below:

Jessica Rankin Corpuz
weintraub | tobin
10250 Constellation Blvd., Ste. 2900
Los Angeles, CA 90067
(310) 860-3327
jcorpuz@weintraub.com

*Counsel for Defendant, Emily Beth Schunk*

                                                */s/Cleve W. Doty*
                                                Cleve W. Doty