## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Cause No. 1:25-CV-01773 |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC and KING GAMING LABS, INC., | § § § § § § § | |
| Defendants. | § | |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT HOYT'S AMENDED MOTION TO DISMISS

COME NOW Plaintiffs Matthew Misrendino a/k/a Matthew Rinaudo and Mizkif Enterprises, LLC[1] (collectively, "Plaintiffs") and file this *Response in Opposition* to Defendant Hoyt's *Amended Motion to Dismiss*. In opposition thereto, Plaintiffs respectfully show the Court:

### SUMMARY OF THE ARGUMENT

The actual issue before this Court is whether the allegations set forth in Rinaudo's *First Amended Complaint* (the "*Complaint*") are sufficient to state a plausible claim for relief as required by the Federal Rules of Civil Procedure. Rinaudo has provided a detailed list of statements, stating the time, place, and manner of their

---

[1] Hoyt has put at issue a purported defamation claim by Mizkif Enterprises LLC against him. To be clear, the defamation claims are personal to Rinaudo and are not brought on behalf of Mizkif Enterprises LLC.

publication and, indeed, even providing specific timestamps to where the comments at issue can be found. Because Rinaudo's *Complaint* states a plausible claim for relief, the *Motion to Dismiss* (the "*Motion*") must be denied.

Remarkably, in his *Motion to Dismiss* pursuant to Rule 12(b)(6) , Hoyt never once refers to the legal standards that govern 12(b)(6) motions. The word "plausible" makes no appearance, and the *Twombly-Iqbal* standard goes uncited. In twenty-one pages of briefing, Hoyt devotes zero pages to arguing the actual issue that he has put before this Court.[2] Indeed, despite the fact that he *sought and received permission to exceed the Court's page limits,* not once does Hoyt argue the law at issue.

## ARGUMENT AND AUTHORITIES

The legal standard governing dismissal for failure to state a claim is, of course, familiar to the Court. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *In re CrowdStrike Holdings, Inc. Sec. Litigation*, --- F. Supp. 3d ---, 2026 WL 89682 *1, *4 (W.D. Tex. Jan. 12, 2026) (Pitman, J.). In deciding such a motion "a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* "A court

---

[2] He does, however, devote no less than five pages to name-calling and conspiracy theories about why Rinaudo is *actually* bringing this lawsuit. *See, e.g.,* Mot. at 5 (describing Rinaudo as an "angry, violent, drug user who 'goes nuclear' on people"); Mot. at fn. 5 (impugning Rinaudo's motives in bringing suit because he did not include another streamer as a defendant); Mot. at fn. 10 (claiming that Rinaudo is "filing this suit for a reason beyond the claim itself . . . specifically in order to silence public criticisms of him by threatening others with litigation.")

All of this, of course, has nothing whatsoever to do with whether the *Amended Complaint* satisfies the *Twombly-Iqbal* plausibility standard. Rinaudo will not herein respond to the mudslinging and conspiracy theories that Hoyt seeks to make the focus of this *Motion*. Beyond being wrong and totally irrelevant to the legal question presented, they are beneath the dignity of this Court to entertain.

ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* (internal quotation marks omitted). "[B]ecause the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint." *Id.*

As this Court noted on October 27, 2025—ironically, the very date on which Hoyt began to defame Rinaudo—"there is no special pleading requirement in federal court for a defamation action, as pleading standards are a procedural matter, and no such requirement is set forth in the Federal Rules of Civil Procedure." *Am. Warrior P'ship v. Dobbins*, No. 25-CV-00218-DC-RCG, 2025 WL 3167324, *6 (W.D. Tex. Oct. 27, 2025). "The Federal Rules of Civil Procedure impose no special pleading requirements for defamation as they do for a specified list of other matters." *Id.*; *see also* FED. R. CIV. P. 9.

"To survive a 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Duff v. Bewley*, No. 1:20-CV-375-RP, 2020 WL 10313694 *1 (W.D. Tex. Dec. 15, 2020) (Pitman, J.). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *2.

3

I.     RINAUDO HAS PLAUSIBLY PLEAD EVERY ELEMENT OF DEFAMATION.

"A defamation claim requires (1) the defendant published a statement; (2) the statement was defamatory concerning the plaintiff; and (3) the defendant acted with actual malice if the plaintiff is a public figure, or negligence if the plaintiff was a private individual, regarding the truth of the statement." *Casaubon v. Tex. Mut. Ins. Co.*, No. 1:19-CV-617-RP, 2025 WL 2664083 *5 (W.D. Tex. Sept. 12, 2025) (Pitman, J.). If the statement does not constitute defamation *per se*, a plaintiff must also show damages. *Luke v. Schwartz*, No. 1:23-CV-11222-RP, 2024 WL 2304594 *4 (W.D. Tex. May 21, 2024) (Pitman, J.).

Hoyt does not, and cannot, contest that Rinaudo successfully pled that Hoyt published a statement.

On the issue of falsity, Hoyt contends only that his statements cannot be false because Rinaudo has admitted to their truth. Mot. at *passim*. Rinaudo, of course, has not. The *Complaint* directly alleges that "Hoyt knew at the time that [he] published these statements that they were false." Compl. at 13. At this stage of the proceedings, the Court must assume all well-plead facts are true. While Hoyt attempts to present a counternarrative through extrinsic evidence, for the reasons discussed in Part III, *infra*, the Court may not consider it.

On actual malice, again Hoyt contends only that Rinaudo has admitted to the truth of all the defamatory statements Hoyt has made against him. Mot. at 19. He does not point to any particular failing in the pleadings and does not argue that they

do not set forth a plausible claim for relief. *Id.* Moreover, as this Court has recently noted, very little is required to state a plausible claim concerning the scienter element of defamation. *Dobbins*, 2025 WL 3167324 at *7. "[I]n defamation cases, there is very little that can be practically added on this point beyond the bare assertion that the statements at issue were false, and the defendants did or should have known that. Accordingly, courts have been reluctant to press for significant additional detail on this element." *Id.*

As to the final element, assuming *arguendo* that Hoyt's conduct does not constitute defamation *per se*, Rinaudo has sufficiently pled damages. The *Complaint* recounts that Hoyt's actions caused: (1) "serious and lasting damage to Rinaudo's personal reputation and his business;" (2) Rinaudo to "los[e] followers and subscribers on a daily basis;" (3) the "loss of existing sponsorships and increased difficulty in securing future sponsorships;" and (4) "severe emotional distress and mental anguish." Compl. at 12–13. Hoyt makes no effort to argue that, accepted as true, these allegations fall beneath the plausibility threshold. Rather, he argues that "any damage, if such exists, was already caused by [Rinaudo]'s own statements." Mot. at 18. This counternarrative presents a question of fact to be resolved by the jury. For the Court to accept it at this stage would usurp the province of the factfinder.

Hoyt does not brief the issue of whether Rinaudo states a plausible claim for relief. Rinaudo clearly has.

II.  HOYT'S FAILURE TO ADDRESS THE LEGAL ISSUES RAISED WARRANT DENIAL
     OF THE *MOTION*.

Nowhere in his briefing does Hoyt contend that, if accepted as true, Rinaudo's claims would not entitle him to relief. Indeed, as mentioned prior, the term "plausible" makes no appearance in Hoyt's briefing. This Court was presented with a similar situation in *Doe v. Gipson*, No. 1:23-CV-463-RP, 2023 WL 11988411 *4 (W.D. Tex. Aug. 23, 2023) (Pitman, J.). There, as here, the "Defendant style[d] his motion as a motion to dismiss for failure to state a claim," but "each of his arguments attack[ed] Plaintiff's credibility and the truthfulness of [his] allegations." *Id.* There, as here, the "Defendant d[id] not argue that Plaintiff's allegations, if proven true, would not entitle h[im] to relief." *Id.* Here, as there, this Court should deny the *Motion. Id.* ("Since Plaintiff's complaint states a claim to relief that is plausible on its face, and Defendant fails to present any arguments to the contrary, the Court will deny his motion.")

III.  HOYT'S IMPROPER AND UNAUTHENTICATED EXTRINSIC EVIDENCE CANNOT
      BE CONSIDERED BY THE COURT.

As a threshold matter, what is and is not before the Court should be made clear. While Hoyt, in passing, states that he "is not attaching evidence to his Rule 12 motion," he spends the first four pages doing nothing but arguing extrinsic evidence. Mot. at fn 2; 1–4. However Hoyt may frame it, the import is clear—Hoyt invites the Court to review a plethora of sources outside of the petition and its attachments to reach its ruling.

The Fifth Circuit has made clear that the Court cannot accept Hoyt's invitation. The Fifth Circuit has made clear, time and again, that "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). While an exception exists allowing courts to consider "documents that a defendant attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [his] claim," this exception facially does not apply here because the evidence Hoyt seeks to adduce was not referenced in Rinaudo's complaint. *Id.* at 498–99.

Because extrinsic evidence cannot be considered, the only materials properly before the Court are the *Complaint* and the exhibit thereto (which relates only to Plaintiffs' claims against the corporate defendants). Accordingly, the thrust of Hoyt's argument—which centers on showing a counternarrative through his purported evidence—cannot be considered by the Court.

IV.    RINAUDO'S ALLEGATIONS ARE CLEAR, SPECIFIC, AND SET FORTH ALL REQUIRED CONTENT.

Hoyt next complains that the allegations, which Rinaudo lays out in painstaking detail in a numbered list with timestamps to the relevant portions, are simply too vague for Hoyt to understand. In support of this argument, Hoyt cites every case which supports his position, which is to say, none. Hoyt argues that he needs more information to determine whether the fair reporting privilege—which, by statute, applies only to "newspaper[s] or other periodicals"—could protect him. TEX.

7

CIV. PRAC. & REM. CODE § 73.002(a). Rinaudo was not required to plead that Hoyt is neither a newspaper nor a periodical and it is risible to claim that he was.

As mentioned above, this Court has held that no special pleading standards apply to defamation actions in federal court. *Dobbins*, 2025 WL 3167324 at *6. However, even if this Court were to adopt the heightened pleading standards used in some other Districts, Rinaudo's *Complaint* satisfies them. Under the heightened pleading standard, plaintiffs must "please the time, place, content, speaker, and listener of the alleged defamatory matter." *See, e.g., Jackson v. Dallas Indep. Sch. Dist.*, No. CIV. A. 398-CV-1079, 1998 WL 386158 *5 (N.D. Tex. July 2, 1998). The *Complaint* does all of these. It makes clear that Hoyt made the statements at issue on and after October 27, 2025, during his livestreams to his audience of followers. It sets forth the specific content of the statements.

### V.    HOYT INVENTS A LIMITATIONS ISSUE OUT OF WHOLE CLOTH, THEN MISSTATES THE LAW ON HIS OWN INVENTED ISSUE.

Hoyt next claims Rinaudo's claims are in part time-barred because Rinaudo "may be complaining about the same past incidents that are years behind [him] now." Mot. at 18. This argument fails for two reasons. First, the *Complaint* makes clear that the statements at issue occurred "[s]ince Schunk's livestream" on October 26, 2025, well within the statute of limitations. Compl. at 9. Accepting this as true, as the Court must at this stage of proceedings, limitations cannot serve as a basis for dismissal.

Second, even accepting that some of the statements on which Rinaudo sues may have been referring to events alleged to have occurred more than one year in the

past, it does not follow that limitations requires dismissal. A cause of action for defamation accrues at the time that a publication is *made*, not at the time of the alleged event that the publication refers to. *See, e.g., Clemens v. McNamee*, 608 F. Supp. 2d 811, 817 (S.D. Tex. 2009) ("In defamation cases, the cause of action accrues on the date the allegedly defamatory statement is published.") Hoyt's argument that limitations bars Rinaudo's claims because Hoyt's statements referred to alleged acts in the past should be given no credence. In most, if not all, cases of defamation, the defamatory statement is made after the alleged act that the statement asserts. It is of no moment whether Hoyt's falsely alleged conduct he claims occurred last week, last year, or a decade ago—the operative legal question is *when Hoyt made his statements*. As the *Complaint* makes clear, the statements at issue were made within the past five months.

VI.    RINAUDO'S COMPLAINT IS SUFFICIENTLY DEFINITE.

The balance of Hoyt's argument is geared towards his alternative motion for a more definite statement under Rule 12(e). There is no basis to require a more definite statement.

"Rule 12(e) motions are generally disfavored and granted only when a pleading is so barren of specifics that the opposing party is unable to respond." No. SA-25-CV-00089-XR, 2025 WL 890184 *4 (W.D. Tex. Mar. 12, 2025). "A motion for a more definite statement may not be used as a substitute for discovery." *Id.* "When a defendant is complaining of matters that can be clarified and developed during

discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.*

Here, Rinaudo has provided a detailed and itemized list of statements and included information concerning who made them, via what medium, and on what date. He has provided the content of the statements. He has even provided timestamps where the statements can be located. Hoyt cannot seriously contend that he is unable to respond to the suit.

## <u>CONCLUSION</u>

Hoyt's *Motion* should be seen for what it is—a veiled attempt at summary judgment before even the initial conference has taken place. He makes no argument concerning the plausibility of Plaintiffs' pleadings and there is no argument to be made. For the reasons foregoing, Plaintiffs respectfully pray this Court DENY Hoyt's *Motion* and grant them such other and further relief as to which they may be entitled at law or in equity.

*[remainder of page intentionally left blank]*

Respectfully submitted,

**BURKE BOGDANOWICZ PLLC**

**AARON J. BURKE**
Texas Bar No. 24073977
*aaron@burkebog.com*
**JUDE T. HICKLAND**
Texas Bar No. 24065416
*jhickland@burkebog.com*
**J. COLLIN SPRING**
Texas Bar No. 24118989
*jspring@burkebog.com*
**ALEXIA P. NICOLOULIAS**
Texas Bar No. 24125817
*anicoloulias@burkebog.com*

1201 Elm Street, Suite 4000
Dallas, Texas 75270
Tel/Fax 214.888.2824

**ATTORNEYS FOR PLAINTIFFS
MATTHEW MISRENDINO A/K/A
MATTHEW RINAUDO AND MIZKIF
ENTERPRISES LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been served on counsel for all parties having appeared in this matter via CM/ECF on February 19, 2026.

The undersigned further certifies that a true and correct copy of the foregoing has been served on Jessica Corpuz, counsel for Defendant Emily Beth Schunk (who has not yet answered in this action) via email on February 19, 2026.

**J. COLLIN SPRING**