## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC,** | § § § § § | |
| **Plaintiffs,** | § | **Case No. 1:25-cv-01773-RP** |
| | § | |
| **v.** | § § | |
| **EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA, INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC.,** | § § § § § | |
| **Defendants.** | | |

### DEFENDANT ZACK HOYT'S REPLY BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS

Defendant Zack Hoyt (hereinafter "Hoyt") files this reply in support of his Amended Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 32) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and in the alternative, moves for a more definite statement under Federal Rule of Civil Procedure 12(e).

### SUMMARY OF ARGUMENT

Defendant Hoyt moved to dismiss Plaintiff Misrendino's[1] claims against him pursuant to Rule 12(b)(6), and Misrendino's Response (Dkt. 34) changes nothing—

---

[1] Plaintiff Mizkif Enterprises LLC admits it does not have any defamation claims against Hoyt.  Plaintiffs' Resp. at 1, fn.1.  For this reason, Hoyt will refer only to Plaintiff Misrendino's claims of defamation.

Misrendino still refuses to provide a full copy of the video(s) upon which he bases his defamation claim so the Court can review the allegedly defamatory words and phrases in context. But as a prior opinion of this Court (cited by Misrendino himself) makes clear, that overall review is exactly what the Court must do when ruling on Mr. Hoyt's motion.

In addition to his refusal to provide the video(s) in question, Misrendino goes even further and argues (Dkt. 34 at 4, 6–7) the Court cannot look at the video because Misrendino did not include that video as an attachment to his Amended Complaint. This, even as Misrendino touts the inclusion of video timestamps in his Amended Complaint as the reason why it should not be dismissed. Misrendino's position is incorrect. By explicitly referencing a video in his Amended Complaint, and including the timestamps, he has referred to it in—and made it central to—the Amended Complaint. Under those circumstances, the Court can consider the entire video.

The Court is unconstrained by the illusory box Misrendino attempts to create. The Court should dismiss the Amended Complaint for one of two reasons (or both): (1) Because Misrendino takes the untenable position that the Court must evaluate his claims based solely on the snippets and interpretive commentary included in the Amended Complaint, instead of considering the "gist" of the entire publication, as required by Texas law, and/or (2) Because the Court chooses to review the entire publication and considering the "gist" of the entire publication, holds Misrendino failed to state a claim because the alleged statements are true

and/or matters of opinion.[2]

## ARGUMENT

**I.    Because Misrendino explicitly references the video in his Amended Complaint, and it is central to his claims, the Court can and should consider the entire video when ruling on Hoyt's Motion to Dismiss.**

Misrendino wants to have his cake and it too, hiding from the very video he claims to make his case.  However, the law does not allow such pleasure. Misrendino cannot point to timestamps in a video as proof that he meets the pleading standard for defamation while simultaneously preventing Hoyt (or the Court) from pointing to other parts of the same video.[3]

First, it is important for the Court to understand the nature of Mr. Hoyt's video at issue.  (Below is a screenshot from Exhibit 1.)  In the video, Hoyt is visible and speaking to his many followers.  In a picture-in-picture dynamic, Hoyt (lower left) is playing video clips from Misrendino's own previously-posted video and then orally commenting on what Misrendino is saying about himself, Schunk, and others in that previously-posted video.  (Misrendino's followers are commenting on Misrendino's video in the upper left in the below screenshot.)  At the same time, Hoyt's followers are posting written comments (lower right in the below

---

[2] Plaintiffs do not refute that Texas law requires courts to review allegedly defamatory statements for the "gist" of the meaning considering the surrounding circumstances. *See* Section II, *infra*, and Dkt. 32 at 4.

[3] Upon further inspection, based on Plaintiffs' descriptions and the timestamps provided in their Amended Complaint, Hoyt can identify what he reasonably believes to be the video about which Misrendino is complaining – it is located here: Asmongold TV, *He's in Trouble..*, YouTube (Oct. 26, 2025), https://www.youtube.com/watch?v=orUxTKgHbK8 (hereinafter Exhibit 1 to this Reply brief).  A full copy of Exhibit 1 is being provided to the Court Clerk's office on a USB drive via hand delivery.  An official transcript of Exhibit 1 can also be provided for the Court's convenience should the Court find it necessary.

screenshot) about Misrendino and asking questions of Hoyt about Misrendino, all of which are visible to Hoyt and other followers.  Hoyt is orally responding in real time to his followers' questions and comments.



(Exhibit A, at approximately 33:36 in the video, with two obscenities redacted.)

In short, this is not a simple publication; it is not a sentence in a magazine or a newspaper, a post on Facebook, or a comment on live television by a reporter. Videos like this contain multiple layers of context and communication happening all at once.  To pluck a word, phrase, or sentence out of this interactive audio-visual presentation deprives the Court of the gist of the video and consideration of the publication as a whole.  With this in mind, it is easy to see why Misrendino's Amended Complaint does not provide the Court what it needs to find that Misrendino meets the standard for pleading defamation claims.

To overcome Hoyt's first motion to dismiss, Misrendino filed his Amended Complaint trying to rectify the pleading deficiencies Hoyt identified.  One way in

which Misrendino attempts to redress his failures is to provide the date of the video and timestamps to certain moments of the video in question. *See, e.g.*, Plfs.' Am. Compl., Dkt. 25, at 9 fns.26–27; 10 fns.28–34; 11 fns. 35–45; and 12 fns. 46–47. (But Misrendino notably does not provide the video directly to the court, not even via hyperlink.)

If there was any doubt as to how important the full video is to Misrendino's position, his Response brief (Dkt. 34) relies heavily on the provision of timestamps as proof that he meets the minimum pleading standard. *See, e.g.* Plfs.' Resp., Dkt. 34 at 1–2 ("Rinaudo has provided a detailed list of statements . . . even providing specific timestamps to where the comments at issue can be found."), 7 (". . . Rinaudo lays out in painstaking detail in a numbered list with timestamps to the relevant portions . . ."), and 10 ("He has even provided timestamps where the statements can be located."). There can be no doubt the video is referenced in the Amended Complaint, and that it is central to Misrendino's defamation claims against Hoyt.

Despite all this, Misrendino claims Hoyt cannot cite portions of the video to provide context. Plfs.' Resp., Dkt. 34 at 6 ("Hoyt's importer and unauthenticated extrinsic evidence cannot be considered by the Court."). Nonsense. As Misrendino notes, "documents that a defendant attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [his] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–499 (5th Cir. 2000).

With that established, Misrendino's argument that Hoyt's Amended Motion is predicated on extrinsic evidence falls apart. Hoyt's Amended Motion to Dismiss cites extensively from the same video (or Mizkif's underlying video, which is running in Hoyt's video), providing the context missing from Plaintiffs' Amended

Complaint. Despite Misrendino's hope the Court will only read his lawyers' description of what was said, the complete video is appropriate for the Court's examination.

## II. The Court must review the gist of the publication at issue to be able to adjudicate the Amended Motion to Dismiss.

As Hoyt noted in his Amended Motion (Dkt. 32), Texas law requires courts to review allegedly defamatory statements for the "gist" of the meaning considering the surrounding circumstances. *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 628 (Tex. 2018) ("we held that '[i]n making the initial determination of whether a publication is capable of a defamatory meaning, we examine its 'gist.' That is, we construe the publication 'as a whole . . . .'" (quoting *D Magazine Partners, LP v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017)).

Notably, Plaintiffs cite an opinion by Judge Pitman for the unremarkable proposition that a plaintiff must show damages if the statement in question is not defamatory *per se*. *Luke v. Schwartz*, No. 1:23-CV-11222-RP, 2024 WL 2304594, *3 (W.D. Tex May 21, 2024) (Pitman, J.). But Plaintiffs conveniently ignore how the *Luke* case is a good example of why the Court needs the entire publication (the "gist"), and why Hoyt's Amended Motion to Dismiss should be granted based on the full publication.

As the Court will likely remember, *Luke v. Schwartz* involved the upset father (Schwartz) of 17-year-old girl who had sex with her 17-year-old boyfriend, young Mr. Luke, in Utah. *Id.* at *1. During the sexual encounter, Luke removed his condom without the young woman's knowledge or consent. *Id.* Later, while Luke was attending the University of Texas, an angry Schwartz emailed an alumnus of Luke's fraternity that, "'[Luke] sexually assaulted my daughter during their senior year in high school.'" *Id.* Luke then filed suit alleging, among other causes of action, that Schwartz's email was false and defamed him. *Id.* at *2.

6

Schwartz moved to dismiss pursuant to Rule 12(b), arguing Luke failed to state a claim for defamation because the statement was true and/or a statement of opinion, not of fact. *Id.* at *3.

To begin with, the Court noted it was unclear if Luke was also claiming that Schwartz's anonymous letters to members of various UT sororities, attaching copies of the civil suit he and his wife filed against Luke back in Utah, were separate acts of defamation for which he was bringing claims. The court concluded, regardless, that Luke failed to properly plead defamation as to those letters because Luke failed to "plead sufficient facts about the content, recipients, or context of those letters." *Id.* at *2 (citing *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1153 (5th Cir. 2021)).

In the case at hand, that is precisely what Plaintiffs have done—assert bald allegations devoid of context. With respect to the content of the publications at issue, Plaintiffs cherry-pick certain words or phrases from an hour-long video and claim they are defamatory. Plaintiffs then compound the opacity of their Amended Complaint by refusing to cite to or attach the publication (that is, the video) to prevent the Court from placing the cherry-picked words or phrases in context and determining "whether a publication is capable of a defamatory meaning." *Dall. Morning News,* 554 S.W.3d at 628. But according to Texas law, the court needs to be able to "examine its 'gist.' That is . . . construe the publication 'as a whole . . . .'" *Id.* (quoting *D Magazine Partners,* 529 S.W.3d at 434).

Turning back to the *Luke* case, when Judge Pitman addressed the email sent by Schwartz to the fraternity alumnus, the wisdom behind the requirement that a defamation plaintiff provide the complete publication, and why courts following Texas law look to the "gist" of the publication, is clear. When Schwartz argued that his statement that Luke "sexually assaulted" his daughter was true, and therefore not defamatory, he attempted to support his position by noting that Luke did not

deny removing the condom without her knowledge. *Luke*, 2024 WL 2304594 at *3. But the Court pointed out that Schwartz used the term "sexually assaulted" instead of explaining specifically and factually what Luke did. It was the Court's ability to review the entire email—not just the sentence Luke selected—that allowed the Court to make a proper legal ruling on the motion to dismiss. Without the full publication to review, the Court's analysis would not be complete, as Schwartz might have provided in his email further explanation to his "sexually assaulted" sentence that, when considered as a whole, made the statement not false. *Id.*

Similarly, Schwartz argued his claim that Luke "sexually assaulted" his daughter was a legal opinion as to what the law in Utah *ought* to be, but the Court again looked to the rest of the e-mail. Noting that whether a statement is an opinion or a falsity "is a question of law," the Court declared "This legal question should be answered from the perspective of a 'reasonable person's perception of the entirety of a publication and not merely on individual statements.'" *Id.* (*quoting Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002); citing *Dall. Morning News*, 554 S.W.3d at 625)). With that in mind, Judge Pitman noted Schwartz's email "did not explain that Luke's conduct is not currently considered criminal sexual assault and that Schwartz is advocating to change that. It is extremely plausible that a reasonable person would believe that Luke committed a crime upon reading Schwartz's email to Orr." *Luke*, 2024 WL 2304594 at *4. Based on that finding, Judge Pitman found Luke properly alleged a claim for a false statement. *Id.*

In the case at hand, if the Court looks at the full video and considers the gist of what Hoyt said, and the context in which he said it, the Court will come the conclusion that Misrendino failed to adequately allege a defamation claim. But without the full video, the Court cannot go through the process it did in *Luke*. What was the "gist" or context of Hoyt's alleged statements? Plaintiffs won't say, and

they don't want the Court to look at the full video.

And when Hoyt himself attempts to provide context by providing links to the video(s) he believes plaintiffs are referring to, Plaintiffs cry foul and argue such facts are outside the bounds of their complaint and therefore the Court must ignore Hoyt's points as well. Hoyt has already explained why that is incorrect. But assuming, arguendo, the Court cannot view the video unless Plaintiffs attach it, in full, to their Amended Complaint, the Court should dismiss their Amended Complaint because they failed to provide to the Court what it needs in order decide questions of law put at issue by Hoyt's 12(b)(6) motion.

Put another way, the law does not countenance a defamation plaintiff bringing claims, refusing to provide the publication context for the Court's consideration, then claiming victory over a motion to dismiss because neither the Court nor the defendant can review the context of the alleged defamatory statements. If the Plaintiffs won't provide the complete publication, and the Court is prevented from considering the gist of the complete publication, the Court should grant Hoyt's Amended Motion to Dismiss.

## **CONCLUSION**

Plaintiffs' claim for defamation against Zack Hoyt fails to identify allegedly defamatory statement(s) in context. Plaintiffs fail to provide the publication itself. Instead, Plaintiffs primarily offer their Amended Complaint and its added timestamps—but maintain that that is all the Court need look at, and that is all Hoyt can discuss with the Court. The Court need not humor such games. If Plaintiffs don't want to talk about the full publication and the gist of what Hoyt said, it's okay – but their lawsuit must be dismissed pursuant to Rule 12(b)(6).

DATED: February 26, 2026

Respectfully submitted,

Austin R. Nimocks
Texas Bar No. 24002695
austin@pntlawfirm.com

*/s/ Christopher L. Peele*
Christopher L. Peele
Texas Bar No. 24013308
chris@pntlawfirm.com

Cleve W. Doty
Texas Bar No. 24069627
cleve@pntlawfirm.com

**PNT Law Firm**
206 Wild Basin Rd. S.
Bldg. A, Ste. 206
Austin, TX 78746
Phone: (512) 522-4893
Fax: (512) 522-4893

**COUNSEL FOR DEFENDANT,
ZACK HOYT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 26, 2026, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

Aaron J. Burke
Burke Bogdanowicz PLLC
1201 Elm St., Ste. 4000
Dallas, TX 75270
(512) 507-4097
aaron@burkebog.com

*Counsel for Plaintiffs*

J. Collin Spring
Burke Bogdanowicz PLLC
1201 Elm St., Ste. 4000
Dallas, TX 75270
(512) 507-4097
jspring@burkebog.com

*Counsel for Plaintiffs*

Alexia P. Nicoloulias
Burke Bogdanowicz PLLC
1201 Elm St., Ste. 4000
Dallas, TX 75270
(512) 507-4097
anicoloulias@burkebog.com

*Counsel for Plaintiffs*

J. Hunter Ralston
Burke Bogdanowicz PLLC
1201 Elm Street, Suite 4000
Dallas, Texas 75270
(512) 507-4097
hralston@burkebog.com

*Counsel for Plaintiffs*

Jennifer S. Freel
Jackson Walker
100 Congress Ave., Ste. 1100
Austin, TX 78701
(512) 739-8414
(512) 236-2002 (fax)
jfreel@jw.com

*Counsel for Defendants, OTK Media, Inc. d/b/a One True King, Mythic Talent Management Inc., and King Gaming Labs, Inc.*

Steven L. Eychner
Newman & Lickstein, LLP
109 S. Warren St., Suite 404
Syracuse NY 13202
(315) 422-1172
seychner@newmanlickstein.com

*Counsel for Defendants, OTK Media, Inc. d/b/a One True King, Mythic Talent Management Inc., and King Gaming Labs, Inc.*

Dean J. DiPilato
Newman & Lickstein, LLP
109 S. Warren St., Suite 404
Syracuse NY 13202
(813) 909-3538
ddipilato@newmanlickstein.com

*Counsel for Defendants, OTK Media, Inc. d/b/a One True King, Mythic Talent Management Inc., and King Gaming Labs, Inc.*

Wesley Lome Gerrie
Newman & Lickstein, LLP
109 S. Warren St., Suite 404
Syracuse NY 13202
(315) 422-1172
wgerrie@newmanlickstein.com

*Counsel for Defendants, OTK Media, Inc. d/b/a One True King, Mythic Talent Management Inc., and King Gaming Labs, Inc.*

I further certify that a copy of the foregoing document(s) was e-mailed to the person(s) listed below:

Jessica Rankin Corpuz
weintraub | tobin
10250 Constellation Blvd., Ste. 2900
Los Angeles, CA 90067
(310) 860-3327
jcorpuz@weintraub.com

*Counsel for Defendant, Emily Beth Schunk*

/s/Christopher L Peele
Christopher L. Peele