**FILED**
March 05, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC and KING GAMING LABS, INC., | § § § § § § § § | CAUSE NO. 1:25-CV-01773 |
| Defendants. | § | |

**(Partially Opposed) Motion For Leave To Appear As Amicus Curiae**
**in Support of Defendant Zack Hoyt's Motion To Dismiss**

[Proposed] Amicus Curiae Joshua Lapin, hereinafter "Amicus," moves this court to grant him leave to file the attached brief in support of Defendant Hoyt's amended motion to dismiss. All defendants "take no position," on the motion, whereas all plaintiffs' oppose the motion (for obvious reason.) The motion is supported by the amicus brief, and a proposed order, all of which are submitted herewith.

# Table Of Contents

**SECTION**  **Page**

I.  FED. R. APP. P. 29……………………………………………………..….….1

    A)  APPLICATION THEREOF…………………………………………...1

    B)  RULE 29 STATEMENT……………………………………………….1

II.  AMICUS'S HISTORY OF FILING AMICUS BRIEFS IN TRIAL
COURTS…………………………………………………………………...2

    A)  SUPPORTING FORMER SOUTH DAKOTA GOVERNOR
       KRISTI NOEM…………………………………………………….…..2

    B)  SUPPORTING DEFAMATION DEFENDANTS BEING SUED
       BY NICKELODEON PRODUCER DAN SCHNEIDER……………..2

    C)  SUPPORTING HARVARD LAW STUDENT SUING HARVARD
       FOR FAILING TO PROTECT JEWISH STUDENTS DURING
       THE AFTERMATH OF THE OCT 7TH ATTACKS IN ISRAEL
       ON COLLEGE CAMPUSES…………………………………………..2

    D)  EMAIL SPAM CASES…………………………………………………...3

III.  LEGAL STANDARD………………………………...………………………3

IV.  ARGUMENT……………………………………………………………….4

    A)  THE BRIEF PRESENTS ASPECTS OF "ARGUMENTS"…………...4

       1)  IQBAL-TWOMBLY PLEADING STANDARD………………..4

       2)  SUBSTANTIAL TRUTH DOCTRINE…………………………4

    B)  THE BRIEF PRESENTS ASPECTS OF "FACTS OR DATA" IN A
       UNIQUE PRESENTATION………………………………………

    C)  PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM
       ARGUING THAT LEAVE TO FILE THE AMICUS BRIEF
       SHOULD BE DENIED ON THE BASIS DEFENDANT HOYT'S

# Table Of Contents

**SECTION**                                                                 **Page**

    COUNSEL IS COMPETENT……………………………………………5
        1) PLAINTIFFS CONTRADICT THEMSELVES………………..5
        2) SUCH STATEMENTS SHOULD BAR THE OPPOSITION….6

V. CONCLUSION…………..……………………………………………..7
CERTIFICATE OF CONFERENCE………………………………………….7
CERTIFICATE OF SERVICE…………………….…………………………...7

**I. Fed. R. App. P. 29**

  **A) Application Thereof**

1. The local rules of this court do not address amici participation, and "[n]o statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief[.]"[1] To handle this, "district courts commonly seek guidance from Rule 29 of the Federal Rules of Appellate Procedure, which establishes standards for filing an amicus brief in the United States Courts of Appeals."[2] Accordingly, Amicus sets forth a statement in accordance with its requirements:

  **B) Rule 29 Statement**

2. Amicus is a self-taught *pro se* filer of lawsuits against (alleged) e-mail spammers, under statutes which afford him, or his assignors, a meaningful private right of action under state law against those who send annoying, and illegal, spam emails to consumers. In 2025, he began listening to the stream of Defendant Hoyt (a.k.a and hereinafter "Asmongold") on Youtube, as background noise while working on motions and oppositions thereto in his spam cases. Amicus doesn't agree with *everything* Asmongold has ever had to say, but often does, and he believes in un-chilled free speech and wants to continue listening to a version of Asmongold that is free of fear from retaliation, such as being sued under a *disfavored* tort like defamation. Unfortunately, amicus has experience being repeatedly threatened with another such disfavored tort (i.e. malicious prosecution), in an attempt to chill his anti-spam efforts. People like Asmongold and Amicus have a moral obligation to stand up, and against, such bullies in the face of adversity, because "Freedom is not a gift of heaven, you have to fight for it every day." -Simon Wiesenthal,

---

[1] *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007)

[2] *United States v. Texas*, No. SA-21-CV-01085-XR at *1 (W.D. Tex. Jan. 11, 2022)

a Nazi hunter, and holocaust survivor.  In addition to Amicus's spam litigation, amicus "gives back," to the judiciary by, at his own expense and time,

seeking leave to file amicus briefs in support of parties, and causes, he believes in, including but not limited to:

## II.  Amicus's History of Filing Amicus Briefs in Trial Courts

### A) Supporting Former South Dakota Governor Kristi Noem

3.  In Support of former South Dakota governor Kristi Noem's anticipated motion to dismiss a claim filed against her in the District of Columbia by a "consumer advocacy organization" for alleged violations of a DC consumer protection statute for an allegedly concealed advertisement about a Texas Dentist's Office.[3]

### B) Supporting Defamation Defendants Being Sued By Nickelodeon Producer Dan Schneider

4.  In Support of the motion to dismiss another defamation claim, in California, over allegedly defamatory statements made against former Nickelodeon producer Dan Schneider, by the producers of a documentary mini-series called "Quiet On Set," which exposed the (alleged) maltreatment of child actors on the sets of Nickelodeon's shows, including those produced by plaintiff Dan Schneider.[4]

### C) Supporting Harvard Law Student Suing Harvard For Failing To Protect Jewish Students during the Aftermath of the Oct 7th attacks in Israel on College Campuses

---

[3]*Travelers United v. Kristi Noem* No. 2024-CAB-001623 (D.C. Super. Ct. Mar. 18, 2024)

[4]*Dan Schneider v Schwarts* No. 24NNCV01328 (Cal. Sup. Ct. May. 1 2024)

5. In support of Harvard law student Alexander Kestenbaum's opposition to Harvard's motion to dismiss a lawsuit over its (alleged) failure to protect its Jewish students from a host of attacks on campus in the aftermath of the October 7th 2023 attacks in Israel.[5]

### D) Email Spam Cases

6. A host of e-mail spam cases, similar to Amicus's own, brought by other plaintiffs who received allegedly unlawful spam emails, to help oppose spam defendants' motions to dismiss.[6]

7. No party authored this Amicus brief brief, or contributed money thereto, aside from Amicus himself.

### III. Legal Standard

8. "Generally, courts have 'broad discretion' to admit an amicus curiae."[7] "An amicus brief is proper when it assists the judge by presenting aspects of ideas, arguments, theories, facts or data that are not in the parties' briefs."[8] "Moreover, a district court should consider whether the information offered through the amicus brief is 'timely and useful' or otherwise necessary."[9] "In considering whether to grant leave under Rule 29, the Fifth Circuit has stated:

[a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), **or** when the amicus has unique information or perspective

---

[5]*Kestenbaum v. [Harvard]* No. 1:24-cv-10092 (D. Mass. 2024)

[6]*Brinton v. Aura Sub LLC*, No. 23-cv-06084 (W.D. Wash. Nov. 27, 2023), Dkt 10 & 18; *Hodgell v. Andersen Corp et al*, No. 2:23-cv-001848-RAJ (W.D. Wash. Dec. 1, 2023), Dkt 22-23.;
[7]*In re Halo Wireless, Inc.*, 684 F.3d 581, 595-96 (5th Cir. 2012).

[8]*Holy Land Found. for Relief & Dev.*, No. 3:04-CR-0240-P at *2 (N.D. Tex. July 1, 2009)

[9]*Evanston Ins. Co.*, No. 1:21-CV-01129-RP at *1 (W.D. Tex. Jan. 20, 2023).

that can help the court beyond the help that the lawyers for the parties are able to provide[10]." (bold added).

## IV. Argument

### A) The Brief Presents Aspects of "Arguments"

#### 1) Iqbal-Twombly Pleading Standard

9. While both defendants allege that plaintiffs failed to allege defamatory statements, plaintiffs point out (see ¶11 herein), that in Defendant Hoyt's brief, the "Twombly-Iqbal standard goes uncited[11][.]" Thus by the admission of the very plaintiffs who oppose this motion, it is a good thing that amicus has a whole section dedicated to Twombly-Iqbal. *Am. Brief.*, Section I. See also *Id*, Section III, ¶(C)(1), applying Twombly-Iqbal to certain unclear and conclusory allegations of the FAC. Because Defendant Hoyt argues that Plaintiff's failed to state a claim, without directly citing *Iqbal* or *Twombly*, Amicus's presentation of the latter is a different aspect of Hoyt's Rule 12 motion: this is the appropriate use of an amicus brief.

#### 2) Substantial Truth Doctrine

Similarly, Hoyt's brief argues the alleged statements are not defamatory. However, it does not technically use the term "Substantial Truth Doctrine," or address the Texas Supreme Courts' use of it in defamation cases. Thus, Amicus's section on it may be a helpful adaption, and a new aspect of Defendant Hoyt's argument. *Am. Brief.*, Section II. Notably, some of the cases amicus cites to for this proposition made their way into Defendant Schunk's motion to dismiss[12].

---

[10]*Edwards,* No. 3:17-CV-01208-M-BT, 2021 WL 11717751, at *1 (N.D. Tex. Mar. 4, 2021)
[11]Plaintiffs' 2/19/26 opposition to Defendant Zack Hoyt's motion to dismiss, pg. 2
[12]*Turner v. KTRK Television, Inc*., 38 S.W.3d 103 (Tex. 2000); *Dallas Morning News, Inc. v. Tatum,* 554 S.W.3d 614 (Tex. 2018);

4

MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

**B) The Brief Presents Aspects of "Facts or Data" In a Unique Presentation**

10.  Plaintiff's FAC lists a bunch of allegedly defamatory statements made by *defendants*; those are referred hereinafter as the "alleged statements,"  Both natural-person defendants,' Hoyt and Schunk, in turn, list out statements made by Plaintiff Rinaudo on livestream video(s), which allegedly admit to the truth of the allegations; these statements are referred hereinafter as the "Rinaudo Statements."  What Amicus did, was aggregate the *Rinaudo Statements*, assigned a letter to them, and overlayed them with the *Alleged Statements*.  *Am. Brief.,* Section IV, ¶¶ A-J, *Id.,* Section III(A)(1).  See also *Id*, Section III, ¶B.  This presentation of data is designed to make it easier and more accessible for the court.  This aspect of the parties' facts and data, rather than an introduction of wholly new facts and data, places Amicus more in the proviso of ones who should be allowed to file their brief, pursuant to the above-set legal standard.

**C) Plaintiff Should Be Judicially Estopped From Arguing That Leave to File the Amicus Brief Should Be Denied On The Basis Defendant Hoyt's Counsel is Competent**

    **1) Plaintiffs Contradict Themselves**

11..  "...[a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all…" Edwards, *supra,* at 1.  To be sure, Amicus is *NOT* saying Defendant Hoyt's counsel is incompetent.  However, on the basis plaintiffs have indicated they will oppose this motion, they contradict themselves for the following reason:  In the required meet-and-confer over this motion, plaintiffs made clear they believe that an amicus brief is *only* proper when A: an amicus has a special interest, or B: when a party is not represented by competent counsel, or represented at all.  Plaintiffs are incorrect: Amicus Curiae should also be entertained when they offer aspects of ideas and arguments not in the parties' briefs.  (¶ *Legal*

*Standard,* generally).  In Plaintiffs' 2/19/26 opposition to Defendant Zack Hoyt's motion to dismiss, pg. 2, plaintiffs levy the following against defendant Hoyt:

> "Remarkably, in his Motion to Dismiss pursuant to Rule 12(b)(6) , Hoyt never once refers to the legal standards that govern 12(b)(6) motions. The word "plausible" makes no appearance, and the Twombly-Iqbal standard goes uncited. In twenty-one pages of briefing, Hoyt devotes zero pages to arguing the actual issue that he has put before this Court.2 Indeed, despite the fact that he sought and received permission to exceed the Court's page limits, not once does Hoyt argue the law at issue."

### 2)  Such Statements Should Bar the Opposition

12.  Amicus argues that the above-statements affirmatively bar plaintiff's forthcoming opposition to *this* motion insofar as they seek to argue Hoyt is represented by competent counsel.  The Iqbal-Twombly pleading standard has been law since 2009[13].  According to plaintiffs, Defendant Hoyt was granted leave to file an over-length page limit, and nonetheless "devotes zero pages to arguing the actual issue he has put before this court[,]" and "not once does Hoyt argue the law at issue[.]"  Amicus finds these characterizations needlessly ad hominem against defendant's counsel:  This should backfire on plaintiffs for the following reason: the gravamen of their position, insofar, is that Defendant is not competently represented by counsel.  As such, plaintiffs should be estopped from subsequently arguing, in opposition to the *instant* motion, that Hoyt's counsel *is competent*, as a means of defeating an amicus brief which opposes their client. Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. "The purpose of the doctrine is to protect the integrity of the judicial process by

---

[13]The pleading standard is a combination of two US Sup. Ct. cases, decided in 2007 and 2009 respectively:  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2D 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2D 868 (2009)

preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." Importantly, because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required[14]. (citations omitted)

## V. Conclusion

13. The court should grant leave, and deem the amicus brief filed as-of the date of the order.

Respectfully Submitted this 5th day of March, 2026

/s/. Joshua A. Lapin
Joshua A. Lapin
Proposed-Amicus (*Pro Se*)
1001 S Main ST #12030
Kalispell, MT 59901
thehebrewhammerjosh@gmail.com
Facsimile: (727) 208-4969

### Certificate of Conference

Amicus hereby certifies that he e-mailed counsel for all parties about this motion, request it be stipulated, and followed up by phone calls to their offices. Ultimately, he found out that all plaintiff's oppose this motion, and all defendants "take no position," on the same.

/s/. Joshua A. Lapin
Joshua A. Lapin

### Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing document, as well as the amicus brief to which it pertains, will be served on all counsel when Amicus uploads this document onto the docket using this court's electronic dropbox, or if unsuccessful, then by mail, causing service upon all CM/ECF Participants. The same documents will further be e-mailed to all counsel of record.

/s/. Joshua A. Lapin
Joshua A. Lapin

---

[14] *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004)