**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| **MATTHEW MISRENDINO a/k/a** | § | |
| **MATTHEW RINAUDO and MIZKIF** | § | |
| **ENTERPRISES, LLC,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **EMILY BETH SCHUNK, ZACK** | § | **CAUSE NO. 1:25-CV-01773** |
| **HOYT, OTK MEDIA INC d/b/a ONE** | § | |
| **TRUE KING, MYTHIC TALENT** | § | |
| **MANAGEMENT INC and KING** | § | |
| **GAMING LABS, INC.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

<u>**Amicus Brief In Support of Defendant Zack Hoyt "Asmongold's"
Amended Motion To Dismiss**</u>

Amicus Curiae Joshua Lapin, hereby files his brief in support of Defendant Zack Hoyt's motion

to dismiss for failure to state a claim.

# Table Of Contents

**SECTION**                                                                                    **Page**

I.  IQBAL/TWOMBLY STANDARD AS APPLIED TO DEFAMATION…..…1

II. SUBSTANTIAL TRUTH DOCTRINE…..……………………………..2

III.  FAILURE TO ALLEGE DEFAMATION AGAINST HOYT…………...2

    A)  GIST RINAUDO IS "AGGRESSOR, ABUSER, MANIPULATOR,
        INVASIVE, AND THREATENING" FAILS……………………..2

        1)  NOT DEFAMATORY BECAUSE RINAUDO ADMITS
            THEY ARE TRUE…………………………………………...2

        2)  TRUE STATEMENTS ARE NOT ACTIONABLE IN
            DEFAMATION…………………………………………....3

   B.  GIST "RINAUDO SHOULD BE IN JAIL AND PEOPLE LIKE
     [HIM] TRY TO SABOTAGE YOU" FAILS…………….……...3

       1.  NOT DEFAMATORY: AMOUNTING TO OPINION &
           NON-OBJECTIVELY VERIFIABLE FACT…………………..4

   C.  IMPLAUSIBLE, INCOHERENT, CONCLUSORY, OR VAGUE
     ALLEGATIONS FAIL.…………………………………………..4

       1.  SUCH ALLEGATIONS DO NOT SURVIVE THE
           IQBAL/TWOMBLY PLEADING STANDARD……………….4

IV.  AGGREGATION OF RINAUDO'S OWN (ALLEGED) STATEMENTS
    FROM THE MOTIONS TO DISMISS……………………………...5

    -FROM DEFENDANT HOYT'S 2/5/26 12(B)(6)………………...5

      A)………………………………………………………………5

# Table Of Contents

**SECTION**                                                                **Page**

B).………………………………………………………………5

C).………………………………………………………………6

D).………………………………………………………………6

-FROM SCHUNK'S 3/3/26 12(B)(6)…………………………………...6

E).………………………………………………………………6

F).……………………………………………………………..7

G).………………………………………………………………7

H).………………………………………………………………7

I).………………………………………………………………..8

J).………………………………………………………………..8

V.  CONCLUSION………………………………………………………..8

AMICUS BRIEF IN SUPPORT OF DEFENDANT HOYT'S (AMENDED) MOTION TO DISMISS

## I  Iqbal/Twombly[1] Standard as Applied to Defamation

1.  "Pleading a defamation claim must comply with the notice pleading of Fed. R. Civ. P. 8(a) as interpreted by Twombly and Iqbal[2][.]"  Accordingly, "to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.[3]" See *Patrick v. KHG of San Antonio, L.L.C*., No. SA-18-CV-00910-OLG, at *2 (W.D. Tex. Apr. 1, 2019), "Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of all facts alleged in the complaint, it fails to state a 'claim to relief that is plausible on its face.' [quoting Iqbal, *supra*, at 678, which in turn quoted Twombly, *supra*, at 570]. In order to state a plausible claim to relief, the complaint must include 'allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" [quoting Twombly, *supra*, at 562].

## II Substantial Truth Doctrine

2.  The substantial truth doctrine is well-summarized by the Texas Supreme Court as follows: "A statement need not be absolutely true to avoid liability for defamation; substantial truth is enough.  Under Texas law, '[t]he test used in deciding whether [a statement] is substantially true involves consideration of whether the alleged defamatory statement was more damaging to [the plaintiff's] reputation, in the mind of the average listener, than a truthful statement would have been[4].'"  Said differently in another Texas Sup. Ct. opinion, "[E]ven if the statement is not literally true, it is substantially true because it is no more damaging to the Tatums' reputation

---

[1] The pleading standard is a combination of two US Sup. Ct. cases, decided in 2007 and 2009 respectively:  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2D 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2D 868 (2009)

[2] *Cantu v. Guerra*, No. SA20CV0746JKPHJB, 2021 WL 2652933, at *15 (W.D. Tex. June 28, 2021)

[3] *Rochefort v. Glob. Precision Servs*., No. EP-20-CV-00298-FM, 2021 WL 3568239, at *2 (W.D. Tex. Mar. 4, 2021)

[4] *Turner v. KTRK Television, Inc*., 38 S.W.3d 103, 133 (Tex. 2000)

than a truthful column would have been[5][.]"  Third times a charm: "The test used in deciding whether the broadcast is substantially true involves consideration of whether the alleged defamatory statement was more damaging to Jacobs' reputation, in the mind of the average listener, than a truthful statement would have been[6]."

### III.  Failure to Allege Defamation against Hoyt

3.This brief's ¶7, below, contains subparts A-J, each one refers to a different statement, made by Rinaudo himself, as aggregated from the motion to dismiss of Hoyt and Schunk, and assigned a letter for ease-of-reference; they are, in part, relied upon in the "Gists" below.

   **A)  Gist Rinaudo is "Aggressor, Abuser, Manipulator, Invasive, and Threatening" Fails**

4.  FAC ¶¶27, 33(a), 33(c), 33(i), 33(g), 33(f), 33(h), 33(k), 33(j), 33(o) all allege Hoyt called Rinaudo one-or-more of those adjectives.

   **1)  Not Defamatory Because Rinaudo Admits they are true**

4a.  Rinaudo Admits he is:

Aggress[ive]: ¶7(a): "...punches holes in walls or slammed doors in aggresion [sic]..."

Abus[ive]:  ¶7(b): "...hurt so many people around...I lashed out.  I was out of my mind."

            ¶7(e) "...She did tell me she got a bruise from it [throwing water bottles and phones] and I stopped."

Manipulat[ive]:  ¶7(g) "...I know I was controlling and I should have just ended the fucking relationship…"

            ¶7(i) "I one time did say I was going to kill myself during an argument."

---

[5]*Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 641 (Tex. 2018)

[6]*McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990)

Invas[ive]:  ¶7(f) "I told her to dress older, to stop wearing pajamas, to stop talking about stalkers and schizos [sic] as a whole, stop talking about past relationships, and yes, I didn't want her to travel without me. I also said that I didn't want her to hang out with specific people."

Threaten[ing]: ¶7(d):  "...if she goes after me, then I will go nuclear...that is exactly what is going to happen..."

¶7(c) "I did take steroids that gave me insane anger issues."

### 2.  True Statements are Not Actionable in Defamation

4(b).  Rinaudo admits the statements he complains about are true: such allegations are condensed in ¶4 herein, and such admissions of their truth are condensed in ¶4(b) herein.  Truth is an absolute defense to defamation[7], and a true account is not actionable so long as it does not create a substantially false and defamatory impression by omitting facts or juxtaposing them in a misleading way.[8]  Defendants do little more than agree with Plaintiffs extraordinary, public confessions: as such, they cannot be juxtaposed, nor suffer omissions.  Even if there are slight variances in what was said by defendants, vs what was admitted by plaintiff, "[a] statement is substantially true, and thus not actionable, if, in the mind of the average person who reads the statement, the allegedly defamatory statement is not more damaging to the plaintiff's reputation than a truthful statement would have been.[9]"  See also ¶2 "Substantial Truth Doctrine" herein.

### B.  Gist "Rinaudo Should Be In Jail and People Like [Him] Try To Sabotage You" Fails

5.  FAC ¶¶26, 33d, revolve around alleged statements of this nature.

---

[7]*Klentzman*, 312 S.W.3d at 898

[8]*Turner*, 38 S.W.3d at 115, 118

[9]Levine, 448 S.W.3d 637, 668, quoting  *Neely*, 418 S.W.3d at 63

### 1. Not Defamatory: Amounting to Opinion & Non-Objectively Verifiable Fact

5(a).  "[S]tatements that are not verifiable as false cannot form the basis of a defamation claim[10]."  And "even when a statement is verifiable as false, it does not give rise to liability if...it is merely an opinion masquerading as a fact.[11]"  Unflattering opinions or observations are not actionable, defamatory claims.[12]  That someone "should" go to jail is an unflattering opinion, and by Rinaudo's own statements (See ¶7 herein,) a reasonable reader may very-well think *he should* go to jail.  Amicus believes that.  Maybe Rinaudo will sue amicus too.

### C. Implausible, Incoherent, Conclusory, or Vague Allegations Fail

6.  Defendants Hoyt and Schunk both admit they cannot respond to some of the allegations because, essentially, they are too unclear to respond to.[13]  FAC ¶¶28, 33b, 33e, 33m, 33l, 33n, all fall into one of these categories.

### 1. Such allegations do not survive the Iqbal/Twombly pleading standard

6a.  ¶1 of this brief is reincorporated as if fully set forth herein for its Iqal/Twombly overview.  Take the FAC's ¶28, "Hoyt made repeated comments about other alleged sexual assaults by Rinaudo's provided no specifics—because there are no specifics to be provided." (footnote omitted).  By footnote, plaintiffs link to a certain segment of a live twitch video stream, but at no point do they quote the allegedly defamatory statement: plaintiff only states, in conclusory fashion, "Hoyt made repeated comments bout other alleged sexual assaults…" without specifying what those "comments" are, despite claiming the referenced video has them.  At best,

---

[10]*Neely v. Wilson*, 418 S.W.3d 52, 62 (Tex. 2013)

[11]*Tatum*, 554 S.W.3d 614, 624 (Tex. 2018), quoting *Bentley v. Bunton*, 94 S.W.3d 561, 581 (Tex. 2002)

[12]*Double Diamond*, 109 S.W.3d at 854

[13]Hoyt's 2/5/26 Motion to Dismiss, pg. 16, final two ¶.  See also Schunk's 3/3/26 motion to dismiss, pg. 23.

AMICUS BRIEF IN SUPPORT OF DEFENDANT HOYT'S (AMENDED) MOTION TO DISMISS

this is lazy lawyering.  As this court has reiterated, "a conclusory assertion is not sufficient to meet one's burden of proof as '[j]udges are not like pigs, hunting for truffles buried in briefs[14][.]' "Plaintiff's conclusory allegation is not sufficient under the pleading standards set out in Twombly/Iqbal and their progeny and must, therefore, be dismissed under Fed. R. Civ. P. 12 (b) (6) for failure to state a claim[15][.]"  "Though a complaint need not contain "detailed factual allegations," the federal rules "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation[16]"

**IV.  Aggregation of Rinaudo's Own (Alleged) Statements From The Motions To Dismiss**

7.  Defendants Hoyt and Shunk appear to post Plaintiff Rinaudo's Own Statements, made by livestream, in their motions to dismiss.  Amicus Aggregates them here, and assigns a letter to each of them, before incorporating them into the allegations in the FAC, and holding them up to Texas defamation common law.  Any materials referenced in the below quotations are located elsewhere in the record as prescribed by the briefs in which they originate.

-From Defendant Hoyt's 2/5/26 12(b)(6)

A. **"I punched holes in the walls or slammed doors in aggression."** Mizkif, The Truth…, YouTube (Oct. 26, 2025), https://www.youtube.com/watch?v=v_na4AazJ0g&t=830s1 (at 13:53)

B. "I'm not going to go back to the place I once was. I was suicidal, depressed, and taking every type of drug possible to fix my brain. And in doing that I hurt myself more. I was on steroids because I thought

[14]*Ramon,* No. MO:18-CV-00178-DC, 2 (W.D. Tex. Sept. 27, 2019), *Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)

[15]*Harbert,* No. 6:20-CV-604 ADA-JCM, 2 (W.D. Tex. Oct. 22, 2020), quoting Iqbal and Twombly (both *supra*)

[16]*Hogan v. S. Methodist Univ.,* 74 F.4th 371, 374 (5th Cir. 2023)

it would fix myself. I was taking shrooms every day to fix my brain, but that destroyed me. I tried acid and that backfired. **In doing that I know I effed up so bad and hurt so many people around. I lashed out, I was angry, and out of my mind."** Spanix Team, Spanixlogs (Oct. 27, 2025) (archiving chat logs from streams), https://logs.spanix.team/ channel=mizkif&username=mizkif (extra return carriages omitted from quotes gathered from chat transcript as seen in included screenshot) (screenshot taken Jan. 7, 2026) (emphasis added)

C. **"I did take steroids that gave me insane anger issues."** Spanix Team, Spanixlogs (Oct. 27, 2025), https://logs.spanix.team/ ?channel=mizkif&username=mizkif (extra return carriages omitted from quotes gathered from chat transcript as seen in included screenshot) (screenshot taken Jan. 7, 2026) (emphasis added)

D. **"I said that 'if she goes after me, then I will go nuclear.' And that is exactly what I said. And that is what is going to happen."** Mizkif, The Truth…, YouTube (Oct. 26, 2025), https:// www.youtube.com/watch?v=v_na4AazJ0g&t=1232s (at 20:32) (emphasis added).

**-From Schunk's 3/3/26 12(b)(6)**

E. She brushed over [in her livestream] that I threw water bottles or my phone near her, but that wasn't during fights. I want to make that very clear. It would be me throwing my phone on my bed when I brushed my teeth. **She did tell me she got a bruise from it and I stopped.** Schunk

AMICUS BRIEF IN SUPPORT OF DEFENDANT HOYT'S (AMENDED) MOTION TO DISMISS

Declaration, Ex. 4 (livestream) and 5(transcript) at approx. [4:07]

F.    In regards to being controlling, I told her many things. I told her to dress older, to stop wearing pajamas, to stop talking about stalkers and schizos [sic] as a whole, stop talking about past relationships, and yes, I didn't want her to travel without me. I also said that I didn't want her to hang out with specific people. Schunk Declaration, Ex. 4 (livestream) and 5 (transcript) at approx. 12:01.

G.    **I know I was controlling** and I should have just ended the fucking relationship, but I was so confused as a person. And I'm sorry I didn't. I'm sorry things got to this point, man. **The last nine months of this relationship, things got extremely fucking toxic.** Schunk Declaration, Ex. 4 (livestream) and 5 (transcript) at approx. 12:01-12:42

H.    Every month went by the last year and I our fights started to get louder. We were breaking up with each other almost weekly. Fights were getting more aggressive and shouting began to increase. I was not perfect and I reflect on those situations poor poor taste of myself. I'm ashamed that the situations got so bad, but Emi was also violent. **She would throw clothes or plushies at me and I punched holes in the walls or slammed doors in aggression.** Schunk Declaration, Ex. 4 (livestream) and 5 (transcript) at 13:36.

I.    **I one time did say I was going to kill myself during an argument**.
Schunk Declaration, Ex. 4 (livestream) and 5 (transcript) at approx.
13:36.

J.    I've realized over the years of over the years of two relationships now
online that **I'm a horrible boyfriend** and I have a lot to work on for
myself. Schunk Declaration, Ex. 4 (livestream) and 5 (transcript) at
approx. 18:59.

## V.  Conclusion

Plaintiffs have twice-failed to state a claim; amendment would be futile, as the third time is not

the charm.  Defendant Zack Hoyt's motion to dismiss should be granted.

/s/. Joshua A. Lapin

Joshua A. Lapin

Amicus Curiae (*Pro Se*)

1001 S Main ST #12030

Kalispell, MT 59901

thehebrewhammerjosh@gmail.com

Facsimile: (727) 208-4969
