IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Cause No. 1:25-CV-01773 |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC and KING GAMING LABS, INC., | § § § § § § § | |
| Defendants. | § | |

**RESPONSE IN OPPOSITION TO**
**PROPOSED AMICUS CURIAE JOSHUA LAPIN'S MOTION FOR LEAVE**

Plaintiff Matthew Misrendino a/k/a Matthew Rinaudo ("Rinaudo") files this *Response in Opposition* to Proposed Amicus Curae Joshua Lapin *Motion for Leave to File Amicus Brief*. Rinaudo would show the Court as follows:

**ARGUMENT AND AUTHORITIES**

Because no provision of the Federal Rules of Civil Procedure addresses the issue, the courts of this District commonly apply the standard set forth in FEDERAL RULE OF APPELLATE PROCEDURE 29 for determining when an amicus brief should be accepted. *See, e.g., U.S. v. Tex.*, No. SA-21-CV-01085-XR, 2022 WL 22878039 at *2 (W.D. Tex. Jan. 11, 2022). "A motion for leave to file an amicus brief should state the

movant's interest and the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Id.*

Lapin's asserted interest is that he listens to Defendant Zach "Asmongold" Hoyt's livestreams "as background noise." Mot. a 1. To accept the proposition that an amicus has an interest in this case because they watch a party's content would invite, very literally, millions of amici to participate in this proceeding. Every individual party to this case is a notable streamer. At the time of this filing, Defendant Schunk *alone* has more than two million followers on Twitch. The Court should not open the floodgates by recognizing that merely watching a livestream confers an interest sufficient to appear as amicus curiae.

Moreover, "a district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate." *Club v. Fed. Emergency Mgmt. Agency*, No. CIV.A H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007). "Chief among those differences is that a district court resolves fact issues." *Id.* "An amicus who argues facts should rarely be welcomed." *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir. 1970).

Here, Lapin devotes more than half of his 11-page proposed *amicus* brief to arguing the facts before this Court. As noted in response to the principle *Motions*, the Court may not, at this stage of proceedings, consider extrinsic evidence. Lapin's attempt to encourage the Court to do so highlights that his proposed amicus filing not only lacks utility to the Court but also is fatally defective.

Allowing Lapin to appear as amicus in this matter sets a precedent that can and, in all likelihood, will lead to an undue drain on the resources of the Court and the parties by recognizing that any person among the millions of people who watch one of the parties' streams may be heard on the issues that come before this Court. The contemplated waste of judicial resources is potentially staggering in scale and the Court should take this opportunity to stave the issue off at the pass.

Respectfully submitted,

**BURKE BOGDANOWICZ PLLC**

_____
**AARON J. BURKE**
Texas Bar No. 24073977
*aaron@burkebog.com*
**JUDE T. HICKLAND**
Texas Bar No. 24065416
*jhickland@burkebog.com*
**J. COLLIN SPRING**
Texas Bar No. 24118989
*jspring@burkebog.com*
**ALEXIA P. NICOLOULIAS**
Texas Bar No. 24125817
*anicoloulias@burkebog.com*

1201 Elm Street, Suite 4000
Dallas, Texas 75270
Tel/Fax 214.888.2824

**ATTORNEYS FOR PLAINTIFFS MATTHEW MISRENDINO A/K/A MATTHEW RINAUDO AND MIZKIF ENTERPRISES LLC**

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the foregoing has been served on counsel for all parties having appeared in this matter via CM/ECF on March 12, 2026.

_____
**J. COLLIN SPRING**