**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Cause No. 1:25-CV-01773 |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC and KING GAMING LABS, INC., | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT SCHUNK'S
<u>MOTION TO DISMISS</u>**

COME NOW Plaintiffs Matthew Misrendino a/k/a Matthew Rinaudo and Mizkif Enterprises, LLC[1] (collectively, "Plaintiffs") and file this *Response in Opposition* to Defendant Schunk's *Motion to Dismiss*. In opposition thereto, Plaintiffs respectfully show the Court:

**<u>SUMMARY OF THE ARGUMENT</u>**

Schunk lied her way into this lawsuit. The law won't allow her to lie her way out.

Schunk cannot credibly claim that she did not accuse Rinaudo of sexual assault. The transcript she herself submitted to the Court makes clear that she did.

---

[1] Schunk has put at issue a purported defamation claim by Mizkif Enterprises LLC against her. To be clear, the defamation claims are personal to Rinaudo and are not brought on behalf of Mizkif Enterprises LLC.

While she devotes great efforts in her briefing to attacking side-issues, on the pivotal issue—whether Rinaudo has pled a defamation claim against her based on her false allegations of sexual assault—she provides only the defense that the allegations were her "emotional truth."

"Emotional truth" is not a recognized defense to defamation in Texas and the one case where the phrase is used, in dicta, in fact illustrates why Schunk is not entitled to dismissal. Further, even accepting such a "doctrine" existed, it would not apply. While Schunk now self-servingly claims that her comments were off-the-cuff, improvisational, and unrehearsed, at the time she made the defamatory statements in her livestream she admitted that they were in fact planned, scripted, and indeed *vetted by counsel.*

## **ARGUMENT AND AUTHORITIES**

The legal standard governing dismissal for failure to state a claim is, of course, familiar to the Court. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *In re CrowdStrike Holdings, Inc. Sec. Litigation,* --- F. Supp. 3d ---, 2026 WL 89682 *1, *4 (W.D. Tex. Jan. 12, 2026) (Pitman, J.). In deciding such a motion "a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* "A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* (internal quotation marks omitted). "[B]ecause the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint." *Id.*

As this Court has noted, "there is no special pleading requirement in federal court for a defamation action, as pleading standards are a procedural matter, and no such requirement is set forth in the Federal Rules of Civil Procedure." *Am. Warrior P'ship v. Dobbins*, No. 25-CV-00218-DC-RCG, 2025 WL 3167324, *6 (W.D. Tex. Oct. 27, 2025). "The Federal Rules of Civil Procedure impose no special pleading requirements for defamation as they do for a specified list of other matters." *Id.*; *see also* FED. R. CIV. P. 9.

"To survive a 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Duff v. Bewley*, No. 1:20-CV-375-RP, 2020 WL 10313694 *1 (W.D. Tex. Dec. 15, 2020) (Pitman, J.). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *2.

I.    SCHUNK DIRECTLY MISREPRESENTS THE FACTS OF THE CASE.

This lawsuit was borne out of Schunk's knowing misrepresentations about Rinaudo to thousands of people via her livestream platform. It is unsurprising, then, that she adheres to her motus operandi in her first appearance before the Court.

Schunk's *Motion* claims that her "livestream was spontaneous, unedited, and unscripted." Mot. at 18. It claims that "Schunk was not delivering a rehearsed

narrative, but instead, was speaking openly and vulnerably in the moment." *Id.* This is completely irreconcilable with Schunk's own statements on that same livestream, a transcript of which Schunk herself submitted to the Court:

- "So as you can see, I wrote out my notes. And not only that, I have even more notes. So, uh, yeah, if it seems like I'm like reading a script of something, it's because I wrote super detailed notes because I wanted to make sure I didn't miss anything." Def.'s Ex. 2 at [2:18]

- "I want everyone to be aware that I've been handling this situation very seriously and I've spent a lot of time thinking this over." *Id.* at [18:05].

- "And not only that, **I've been in contact with a lawyer. I had them review everything that I'm planning to say today** um because I wanted to make sure that if I was going to do this, I was going to do it right because it's so serious." *Id.* (emphasis added)

- "So, like I said, I took a lot of notes, so forgive me if I'm just if I just end up reading off my notes." *Id.* at [21:41].

Schunk should not be heard now to argue that her defamatory comments were some off-the-cuff, spontaneous emotional response when she specifically stated that not only were her comments thoroughly planned and scripted, they were in fact *reviewed by counsel* in advance of the livestream.

II.    SCHUNK DIRECTLY MISREPRESENTS THE HOLDING OF *BENSON*

Continuing her pattern of misrepresentations, Schunk misleads the Court as to the holding of the *Benson* case. Schunk relies on *Benson* for the supposed

proposition that her claims that Rinaudo sexually assaulted her are nonactionable as "emotional truth." *Benson* in fact stands for the ***exact opposite*** proposition.

*Benson* concerned a widely circulated TikTok video wherein a daughter (1) accused her stepfather of sexual assault; and (2) made nebulous statements about her mother saying it "wasn't her problem" or that the daughter was "disrespecting her relationship" by raising the issue. *Benson v. Guerrero*, 702 S.W.3d 775, 781 (Tex. App.—Houston [1st Dist.] 2024, no pet.). Both the stepfather and the mother asserted separate claims for defamation.

As to the stepfather's claims, the *Benson* court specifically rejected the argument that Schunk now advances, citing *Benson*:

> In her reply in support of her motion to dismiss, [the daughter] asserted that her statement about [the stepfather] was not defamatory *per se* because "sexual assault" is commonly understood as merely "touching someone in a sexual way when they do not want you to." But the fact that a term may have more than one meaning does not factor into our analysis at this stage of the proceeding. In reviewing whether [the stepfather]'s defamation claim survived a TCPA challenge, the trial court was required to consider only the legal question of whether the words used were reasonably capable of a defamatory meaning.

*Id.* at 787 (citing *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 632 (Tex. 2018) for the proposition that "if a statement is capable of at least one defamatory and at least one non-defamatory meaning, it is for the jury to determine whether the defamatory sense was the one conveyed.")

The purported "emotional truth" defense that Schunk raised related not to the stepfather's claims, but the mother's claims. *Id.* at 788. The mother asserted defamation claims based on the daughter's statements that the mother (1) knew

about the sexual assault but did not care; (2) characterized the sexual assault as a "mistake;" (3) told the daughter that the sexual assault "wasn't [the mother]'s problem;" (4) failed to protect the daughter; and (5) abandoned the daughter in support of the stepfather. *Id.* The *Benson* court found that *these* sorts of statements reflected opinions because, taken as a whole, they conveyed "her personal viewpoint, i.e., her own 'emotional truth' and not purported fact." *Id.* Nothing in *Benson* stands for the proposition urged by Schunk that she is free to slander Rinaudo in a planned, scripted statement that was vetted by counsel before publication so long as she claims that she is emotional about the alleged acts. To adopt such an interpretation would amount to overturning Texas' longstanding position that allegations of criminal acts are defamatory *per se*.

Schunk urges that her defamation is distinguishable from *Benson* because she provided a description later of the purported sexual assault while the daughter in *Benson* did not. But the context of the transcript makes clear that that description was buried so as to render it ineffective to prevent the defamatory meaning of sexual assault from being understood by the audience. By the timestamps in Schunk's own transcript, she first accused Rinaudo of sexual assault twenty minutes into her livestream. Def.'s Ex. 2 at [20:30]. She does not elaborate further. Less than two minutes later, she falsely suggests that Rinaudo had done "something similar" to "someone in LA." *Id.* at [21:51]. It is not for another thirty minutes that Schunk provides the "context" she contends should exonerate her. *Id.* at [49:30].

It is a reality of the internet age—which Schunk well knows—that information does not wait thirty minutes to hear the context before it spreads. Schunk's claim that no reasonable viewer of the livestream would have understood her allegations to refer to literal sexual assault are belied by the thousands upon thousands of viewers who clearly did. Since Schunk's allegations, Rinaudo has routinely been called a rapist both in real life and on the internet, where some commentors have gone so far as to call him "Rapekif."

Assuming that Schunk ever truly thought no one would believe she was accusing Rinaudo of an *actual* sexual assault, her total inaction to correct the record after it became plain that this was the message received is inexplicable. Her refusal to issue a properly demanded retraction under Chapter 73 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE makes clear that Schunk's intention was to portray Rinaudo as a rapist. She cannot now, having accomplished that end, tarnishing Rinaudo's reputation and taking from him the career he spent more than a decade building, claim that she never intended it to be taken seriously.

III.    RINAUDO'S COMPLAINT IS SUFFICIENTLY DEFINITE.

The balance of Schunk's argument is geared towards her alternative motion for a more definite statement under Rule 12(e). There is no basis to require a more definite statement.

"Rule 12(e) motions are generally disfavored and granted only when a pleading is so barren of specifics that the opposing party is unable to respond." No. SA-25-CV-00089-XR, 2025 WL 890184 *4 (W.D. Tex. Mar. 12, 2025). "A motion for a more

definite statement may not be used as a substitute for discovery." *Id.* "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.*

Here, Rinaudo has provided a detailed and itemized list of statements and included information concerning who made them, via what medium, and on what date. He has provided the content of the statements. He has even provided timestamps where the statements can be located. Schunk cannot seriously contend that she is unable to respond to the suit.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this honorable Court DENY Schunk's *Motion to Dismiss* and grant them such other and further relief as to which they may be entitled at law or in equity.

Dated March 17, 2026.

Respectfully submitted,

**BURKE BOGDANOWICZ PLLC**

**AARON J. BURKE**
Texas Bar No. 24073977
*aaron@burkebog.com*
**JUDE T. HICKLAND**
Texas Bar No. 24065416
*jhickland@burkebog.com*
**J. COLLIN SPRING**
Texas Bar No. 24118989
*jspring@burkebog.com*
**ALEXIA P. NICOLOULIAS**
Texas Bar No. 24125817
*anicoloulias@burkebog.com*

1201 Elm Street, Suite 4000
Dallas, Texas 75270
Tel/Fax 214.888.2824

**ATTORNEYS FOR PLAINTIFFS
MATTHEW MISRENDINO A/K/A
MATTHEW RINAUDO AND MIZKIF
ENTERPRISES LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been served on counsel for all parties having appeared in this matter via CM/ECF on March 17, 2026.

**J. COLLIN SPRING**