FILED

2026 MAR 19 PM 12: 52

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ CR _____
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW MISRENDINO a/k/a | § | |
| MATTHEW RINAUDO and MIZKIF | § | |
| ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| EMILY BETH SCHUNK, ZACK | § | CAUSE NO. 1:25-CV-01773-RP |
| HOYT, OTK MEDIA INC d/b/a ONE | § | |
| TRUE KING, MYTHIC TALENT | § | |
| MANAGEMENT INC and KING | § | |
| GAMING LABS, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## <u>Reply to Plaintiff Rinaudo's Opposition To Motion For Leave To Appear as Amicus Curiae</u>

[Proposed] Amicus Curiae Joshua Lapin, hereinafter "Amicus," hereby files his reply, pursuant

to L.R.7(E)[1], in support of his motion for leave to file an amicus brief; the reply pertains to the

*lone* opposition thereto, by *one* of the plaintiffs: "Matthew Misrendino a/k/a Matthew Rinaudo"

[sic], hereinafter "Rinaudo." The reply is supported by Exhibits A-B, which follow, and a

declaration of Joshua Lapin, all of which are submitted herewith.

---

[1]Amicus and Plaintiff *seem* to agree the Local Rules apply to this motion: Amicus and Plaintiff met-and-conferred as required by L.R. CV-7(G); the motion is one for "leave," *and* contains the [proposed] brief, in accord to CV-7(B), to which plaintiff does not object *insofar*. It naturally follows that CV-7(E)'s right to reply is *procedural* and grants Amicus the right to file a reply brief, even if/when the substantive (i.e. contents of said motion) are governed by the *substantive* provisions of Fed. R. App. P. 29, as *borrowed* the appellate courts: to hold otherwise would mean that App. P. 29's lack of a meet-and-confer requirement would allow the filing of the initial motion without leave, afoul of the local rules of this court. See, i.e. *Cypress/Spanish Ft. I, L.P. v. Pro. Serv. Indus., Inc.*, 814 F. Supp. 2d 698, 709 (N.D. Tex. 2011): finding Texas *procedural* law applies, although claim arose under Alabama *substantive* law.

# Table Of Contents

**SECTION**                                                                **Page**

I. THE OPPOSITION WAS *WILLFULLY* NOT SERVED ON AMICUS;

  IT SHOULD BE STRICKEN.....................................................1

    A) AMICUS FILED AND SERVED HIS MOTION ON PLAINTIFF.....1

    B) AMICUS TOLD PLAINTIFFS HE CANNOT BE SERVED WITH
       THE OPPOSITION VIA CM/ECF, BUT VOLUNTARILY
       CONSENTED TO SERVICE BY EMAIL TO HELP THEM............1

    C) PLAINTIFF RINAUDO THEN KNOWINGLY SERVED ONLY
       THE CM/ECF PARTICIPANTS, WHICH THEY *KNEW* DID
       NOT INCLUDE AMICUS................................................1

II. THIS COURT HAS ALREADY WARNED PLAINTIFF AGAINST

  FURTHER PROCEDURAL MISHAPS......................................2

III. PLAINTIFF MIZKIF ENTERPRISES LLC FAILED TO OPPOSE THE

  MOTION, THEREBY CONSENTING TO IT.................................3

    A) BOTH PLAINTIFFS WERE LISTED AS FILERS OF THE
       OPPOSITION ON CM/ECF..........................................3

    B) BUT RINAUDO IS THE SOLE MOVING PARTY IN SAID
       OPPOSITION.........................................................3

    C) PARTIES *CAN* AND *DO* FILE THE DOCUMENTS OF OTHER
       PARTIES INTO CASES: DOESN'T MAKE IT THEIRS...............3

    D) EACH TIME PLAINTIFF'S JOINTLY BROUGHT A FILING,
       THEY STATED IT THEREIN.........................................4

           1) IN THE FIRST AMENDED COMPLAINT.................4

           2) IN THE OPP'N TO HOYT'S (SECOND) MOTION
              TO DISMISS....................................................5

---

# Table Of Contents

**SECTION**                                                    **Page**

3) RE: ORDER TO SHOW CAUSE & CERT. OF INTERESTED PARTIES.........................5

E) MIZKIF ENTERPRISES LLC SHOULD BE DEEMED UNOPPOSED PURSUANT TO L.R. 7(D)(2).........................5

IV. AMICUS ADDRESSES PLAINTIFF RINAUDO'S OPPOSITION IN THE "INTEREST OF COMPLETENESS"........................5

A) AMICUS ARGUES *LAW*, NOT *FACTS*, AS RINAUDO WOULD HAVE THE COURT BELIEVE........................6

1) RINAUDO FAILS TO POINT TO A SINGLE FACT THAT AMICUS "ARGUED"........................6

2) A RULE 12(B)(6) MOTION TURNS ON *LAW*, NOT *FACTS*........................6

3) AMICUS "PRESENTS FACTS OR DATA," RATHER THAN ARGUING THEM........................7

4) COUNSEL CITES TO A 1ST CIRCUIT OPINION, BUT AMICUS WAS GRANTED LEAVE TO FILE A SIMILAR AMICUS BRIEF THERE!........................8

5) AMICUS WAS ALSO GRANTED LEAVE TO BRIEF A SIMILAR DEFAMATION CASE IN THE CALIFORNIA SUPERIOR COURT EVEN THOUGH HIS ONLY CONNECTION TO THE PARTIES WAS THAT HE "WATCHED PLAINTIFF'S SHOWS" GROWING UP........................9

---

# Table Of Contents

**SECTION**                                                              **Page**

B) RINAUDO FAILS TO REBUT THAT COURTS HAVE BROAD DISCRETION TO ADMIT AMICI, AND THAT THE COURT SHOULD CONSIDER IF THE INFORMATION IS "TIMELY AND USEFUL"....................................................9

C) COURT SHOULD REJECT PLAINTIFF'S SLIPPERY SLOPE FALLACY..............................................................10

V. CONCLUSION............................................................10

CERTIFICATE OF SERVICE.............................................11

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF
Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

# I. The Opposition Was Willfully Not Served On Amicus; It Should be Stricken

## A) Amicus Filed and Served His Motion on Plaintiff

Proposed-Amicus Curiae Joshua Lapin filed, and served upon all parties, a motion for leave to file an amicus brief on March 5th 2026: *Decl. Of Lapin*, ¶2. Counsel for all parties received said motion, same day, via at *least*

A: a NEF presumably generated by CM/ECF upon the deputy clerk's one-time courtesy acceptance and filing of the motion electronically, *and*

B: e-mailed copies to counsel for all parties at the e-mail addresses on file with the court. (*Ext. A*, see also *Lapin Decl.* ¶3).

## B) Amicus Told Plaintiffs He Cannot Be Served With the Opposition via CM/ECF, But Voluntarily Consented To Service By Email To Help Them

In said email, amicus made clear that he is not eligible for CM/ECF in this matter, and cannot be served through it herein: to help plaintiff, amicus "consent[ed] to e-service of any/all documents in this matter that are to be served on me (i.e. oppositions to my motion), by e-mail, in lieu of a physical copy, right here, at thehebrewhammerjosh@gmail.com," pursuant to Fed. R. Civ.. P. 5(b)(2)(E). A true and correct copy of this email is attached hereto as *Ext. A*. *Lapin Decl.* ¶3.

## C) Plaintiff Rinaudo then Knowingly Served *Only* The CM/ECF participants, Which They *Knew* Did Not Include Amicus

On March 12th 2025, Plaintiff Rinaudo opposed this motion, but failed to serve a copy on amicus. *Lapin Decl.* ¶4 Hereinout and hereinafter this will be referred to as the "unserved opposition," as it was served on the CM/ECF participants, but not me. Fully aware of the foregoing e-mail and considerations, articulated one week prior, the opposition was neither, e-mailed, mailed, nor otherwise delivered to amicus, and will be referred hereinout and hereinafter as the unserved opposition. Their certificate of service confirms as much; It reads:

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF
Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

The undersigned certifies that a true and correct copy of the foregoing has been served on counsel for all parties having appeared in this matter via CM/ECF on March 12, 2026.

The "undersigned" *knew* that serving merely all CM/ECF participants would not serve amicus with the motion, because amicus *just* emailed him, stating that "nonlawyers like me, are required to file by paper, *unless* leave to use CM/ECF is granted. However, leave to e-file will not be granted to a non-party, including an amicus curiae, even if the attached is granted[.]" Amicus continued by consenting to service of "any/all documents in this matter that are to be served on me (i.e. oppositions to my motion)" [sic]. 7 days later, Rinaudo serves said opposition upon *only* the CM/ECF participants, having just been informed amicus just admitted he cannot be served via CM/ECF. This appears to be a cold and calculated move which sought to rob amicus of his reply brief. Amicus has confirmed that he received nothing from plaintiff['s counsel] via e-mail nor snail mail up through to the date and time of writing. Indeed, the only way amicus knew an opposition had been filed to his motion was by checking the docket for this matter on CourtListener.com.

**II. This Court Has Already Warned Plaintiff Against Further Procedural Mishaps**

In its Jan 14th Text Order, this court spoke decisively: "Plaintiff should not expect calendaring mistakes or failure to review the Local Rules to excuse future late filings, and second, that Plaintiff must follow the Local Rules for future filings, including filing motions for leave[.]" Plaintiff did not learn his lesson, and thinks the rules do not apply to him; striking Rinaudo's *unserved* opposition and granting the motion as unopposed is an appropriate sanction; plaintiff['s] have exhausted the court's judicial grace, ignored its warning, and sought to deprive

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

amicus of his procedural right under the local rules, to reply to the opposition for yet another

motion for leave, as contemplated by L.R. Civ-7 (B) & 7(E).

### III. Plaintiff Mizkif Enterprises LLC Failed To Oppose The Motion, Thereby Consenting To It

#### A) Both Plaintiffs were listed as filers of the opposition on CM/ECF

The 3/12/26 opposition, never served upon amicus, is *listed in PACER* as filed by *both* plaintiffs,

Mizkif Enterprises LLC "Mizkif," and Rinaudo, on PACER:

| 03/12/2026 | 45 | Response in Opposition to Motion, filed by Matthew Misrendino, Mizkif Enterprises LLC, re 43 MOTION for Leave to File Amicus Brief filed by Amicus Joshua Lapin (Spring, J.) (Entered: 03/12/2026) |

#### B) But Rinaudo is The Sole Moving Party in Said Opposition

However, upon reading the motion, it is clear that *only* Rinaudo opposes the motion by-and-

through that very same, *very unserved*, opposition; the *unserved* opposition begins as follows:

> Plaintiff Matthew Misrendino a/k/a Matthew Rinaudo ("Rinaudo") files this
> Response in Opposition to Proposed Amicus Curae [sic] Joshua Lapin [sic] Motion for Leave to
> File Amicus Brief. Rinaudo would show the Court as follows:

It's Amicus Curiae, esquire.  Anyway, the only time the LLC-plaintiff (Mizkif) appears in the

entirety of the opposition, is at the end of the attorney's signature block in the wholly non-

substantive certificate of service, which does not identify the *part[ies]* who move the court to

deny Amicus's motion; it only identifies the attorneys responsible for misspelling "Amicus

Curiae," and electing not to serve the opposition on movant; it appears as follows:

> ATTORNEYS FOR PLAINTIFFS
> MATTHEW MISRENDINO A/K/A
> MATTHEW RINAUDO AND MIZKIF
> ENTERPRISES LLC

#### C) Parties *Can* and *Do* File The Documents of Other Parties Into Cases: Doesn't Make It Theirs

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

In the opposition, plaintiff Rinaudo is exclusively mentioned as the movant in the opposition to amicus's motion, and anywhere throughout its contents (save the signature block). It is simply irrelevant that both plaintiffs were selected as filers when uploading Rinaudo's motion into CM/ECF: parties can file the documents of other parties into cases: the same does not amount to joinder into a motion which makes no substantive mention of them. For example, as can be seen from the top-right corner of the file-stamped copy of the motion for leave to file an amicus brief, deputy clerk Christian Rodriguez filed the amicus brief for the nonlawyer, pro se amicus, as a one-time courtesy, as shown below:

# FILED
## March 05, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: __Christian Rodriguez__
DEPUTY

This does not make Christian Rodriguez the proposed amicus curiae, nor does Mr. Rodriguez move the court to grant him, or me, leave to file an amicus brief. The filer of a document into this court may, or may not, be the movant in the motion. Accordingly, Mizkif Enterprises LLC's designation as a filer of the opposition is insufficent to join it into the relief sought.

**D) Each Time Plaintiff's jointly brought a Filing, They Stated it Therein**

Throughout this litigation, both plaintiffs have together-brought complaints, motions, and responses. Virtually every time, save the instant opposition, they have made clear at the onset of such documents that *both* plaintiffs are joined into the paper at issue.

**1) In the First Amended Complaint**

Indeed, the FAC (*Dkt. 25*) opens up at ¶1 with, "COME NOW Plaintiffs Matthew Rinaudo **and Mizkif Enterprises LLC** (collectively "Plaintiffs")..." (bold added for emphasis)

### 2) In the Opp'n To Hoyt's (Second) Motion To Dismiss

Similarly, both plaintiff's opposition to Defendant Hoyt's (second) motion to dismiss, to which the [proposed] amicus brief relates, opens up word-by-word identically, except with an "aka" for Rinaudo. Dkt. 34:

"COME NOW Plaintiffs Matthew Misrendino a/k/a Matthew Rinaudo **and Mizkif Enterprises, LLC** (collectively, "Plaintiffs")" (bold added for emphasis)

### 3) Re: Order to Show Cause & Cert. Of Interested Parties

And identically so, word-by-word, in their response to an order to show cause at *Dkt. 35*, and virtually-identically so in their "certificate of interested parties" at *Dkt. 7*.

### E) Mizkif Enterprises LLC Should Be Deemed Unopposed Pursuant To L.R. 7(d)(2)

Such oversight has dire consequences: Mizkif shall be deemed unopposed to the motion for leave to file an amicus brief, for they have...at *absolute* best...assisted in the filing of co-plaintiff *Rinaudo's exclusive* (and unserved) opposition to the underlying motion. See L.R. 7(d)(2) "...If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." This leaves the sole opposition to this motion, that of the one brought exclusively by Rinaudo, which should, again, be stricken for having never been served on movant, leaving no opposition to the motion at all. Boom.

## IV. Amicus Addresses Plaintiff Rinaudo's Opposition In The "Interest of Completeness"

The motion for leave to file an amicus brief should be granted for the foregoing *affirmative* reasons alone. In summary, One plaintiff failed to oppose the motion at all, and the other failed to *serve* the motion on the movant after being warned of similar procedural blunders.

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF
Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

Accordingly, the lone opposition should be stricken, and the motion deemed unopposed, and granted. Alternatively or in addition, it should be granted as a sanction for the above-described conduct of plaintiff. Subject to and without waiving the foregoing, Amicus addresses Rinaudo's three-page opposition, in the unlikely event it is still entertained on its merits.

### A) Amicus Argues *Law*, Not *Facts*, as Rinaudo Would Have the Court Believe

In the proposed amicus brief, I argue the Twombly/Iqbal pleading standard, both generally and as applied to defamation cases in Texas. See *Am. Brief*, Section 1. I then briefed the "substantial truth doctrine," as held in Texas Common law. *Id*, Section 2. I list out Plaintiff Rinaudo's own statements, *without arguing them, Id*, Section IV, assign letters to them, *Id*, and then divide the allegedly defamatory statements of defendants, *without arguing them*, into two "gists." *Id*, Section III, ¶¶A,B. Thereon, I argued such statements are not defamatory because they do not meet the Twombly-Iqbal pleading standard *Id*, Section III, ¶C, subpart 1, and that others are not actionable under Texas Common law. *Id*, Section III, ¶A, subparts 1-2 & Id, Section III, ¶B, subpart 1. These all turns on *law*, not *facts*, contrary to plaintiff's assertions.

### 1) Rinaudo Fails to Point To a Single Fact that Amicus "Argued"

Not once in plaintiff's *unserved* opposition in which they repeatedly misspell "amicus curiae" do they acknowledge the various legal, non-factual, concepts that I argue, including Twombly/Iqbal, Substantial Truth Doctrine, other aspects of Texas Common Law, nor my application of said law to the facts as alleged in the complaint (rather than by amicus). Further, they do not articulate a single "fact," that Amicus "argued" in the entirety of their 3-page opposition.

### 2) A Rule 12(b)(6) Motion Turns on *Law*, Not *Facts*

In fact, since the motion being supporting is one for dismissal under Rule 12, all well-pleaded allegations are accepted as true. A motion to dismiss tests the legal sufficiency of the complaint.

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

Accordingly, there's no room for factual argument, and the entirety of the 12(b)(6) must turn on law. Plaintiff argues, "Lapin devotes more than half of his 11-page proposed amicus brief to **arguing** the facts before this Court[.]" (bold added). Plaintiff misleads the court: amicus built his brief solely on the factually allegations and contentions of the parties, and held them up to law. Counsel goes on to argue the "court may not, at this stage of proceedings, consider extrinsic evidence[,]" but this is, at best, an argument against the defendants motion to dismiss, rather than amicus's participation. In any event, "If a court decides to consider the extraneous material, then that court must treat the Rule 12(b)(6) motion as one for summary judgment under Rule 56,"[2] and amicus takes no position on whether the court does treat the motion as one for summary judgment because, again, he argues law and not facts, and thus remains unmoved by whether extrinsic evidence is considered in deciding whether plaintiffs have stated a claim.

### 3) Amicus "Presents Facts Or Data," Rather than Arguing Them

Amicus reincorporates Section IV, ¶B, from his motion for leave to file the amicus brief, which plaintiff overlooked and did not address. In relevant part, Amicus organized the statements made by Rinaudo, as alleged by defendants, as well as the allegedly-defamatory statements, as alleged by plaintiff, organized them, and applied law to them. This is not an argument of fact; this is a unique presentation of the facts as argued by the parties. "An amicus brief is proper when it assists the judge by presenting aspects of ideas, arguments, theories, facts or data that are not in the parties' briefs." *Holy Land Found. for Relief & Dev.*, No. 3:04-CR-0240-P at *2 (N.D. Tex. July 1, 2009). Nearly 3 of the 11 pages of the brief is used to sort the parties' facts and assign letters to them. See *Am. Brief.* 5-7; This was done specifically so that these *facts* can be held up to *law* in Section III; the law, not the facts, are what is argued: anything to the contrary is not

---

[2] *Antero Res. Corp. v. C & R Downhole Drilling, Inc.*, No. 4:16-CV-00668-Y, 2019 WL 13193898, at *2 (N.D. Tex. July 22, 2019)

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

proper in a rule 12 motion, unless it's treated as one for summary judgment under Rule 56.  It is true that the sorting took up three pages, but the same does not constitute factual arguments in-and-of-themselves.  This is the reason plaintiff focuses on page numbers, rather than sections; they seek to trick the court into believing the brief argues facts and not law.  But in reality: the facts simply take up more room; this is especially true since Amicus made extensive use of footnotes for his caselaw citations.  Had Plaintiff referred to sections, rather than page numbers, they would realize the argument falls flatter than a left-out diet coke.

### 4) Counsel Cites to a 1ˢᵗ Circuit Opinion, but Amicus was *Granted* leave to file a similar Amicus Brief There!

Plaintiff cites to the first circuit's *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir. 1970) for the proposition that "An amicus who argues facts should rarely be welcomed."  The foregoing clarifies that amicus does not argue *facts* herein, making this inapposite even if the citation was not cherry-picked (it is).  In any event, Amicus would like to highlight that the District of Massachusetts is in the 1ˢᵗ Circuit, and that it granted him leave to file an amicus brief in *Kestenbaum v. [Harvard]* No. 1:24-cv-10092 (D. Mass. 2024).  See *Id*, Dkt's 88, 92, 95:  Order granting Amicus's motion for leave, followed by the brief being filed.  Amicus had no relationship with any of the parties in that action, and leave to file was granted nonetheless. *Lapin Decl.*, ¶6.  As Amicus explained in his principal motion, he sought leave to file the brief in support of a Jewish Harvard law student who sued Harvard for failing to protect its Jewish students in the aftermath of the Oct 7ᵗʰ 2023 attacks in Israel.  Therein argued for the existence of Art. III standing, and that the case was not moot given that plaintiff was going to graduate soon: both of these issues turn on law, as do the issues in the present case.

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

### 5) Amicus Was Also Granted Leave To Brief a Similar Defamation Case In the California Superior Court Even Though his Only Connection To The Parties Was That He "Watched Plaintiffs Shows" Growing Up

In *Dan Schneider v Schwarts* No. 24NNCV01328 (Cal. Sup. Ct. May. 1 2024), the California Superior Court granted leave to Amicus to file a similar brief, which similarly argued in favor of the defendants who had made a documentary called "Quiet On Set," which was, *inter alia,* critical of former Nickelodeon producer Dan Schneider's alleged treatment of child actors on set. Like everyone of Amicus's generation (born in '97), he grew up watching Dan Schneider's kid/teen shows such as iCarly, Drake and Josh, the Amanda Show, etc. At the hearing of his motion for leave to file an amicus brief (no transcript), Judge Chowdhury asked Amicus what his relationship was to the parties: Amicus admitted that, essentially, the parties have never heard of him. The judge went on to grant the motion. *Lapin Decl.,* ¶5. A 'special interest' is simply not required, so long as the Amicus presents timely and useful, interesting aspects of the parties facts, and of applicable law; this is consistent with the 5th Circuit precedent to which plaintiff does not respond in its opposition.

### B) Rinaudo Fails to Rebut that Courts Have Broad Discretion To Admit Amici, And That The Court Should Consider if The Information is "Timely and Useful"

As the principal motion outlined, "Generally, courts have 'broad discretion' to admit an amicus curiae." *In re Halo Wireless, Inc.,* 684 F.3d 581, 595-96 (5th Cir. 2012). "Moreover, a district court should consider whether the information offered through the amicus brief is 'timely and useful' or otherwise necessary." *Evanston Ins. Co.,* No. 1:21-CV-01129-RP at *1 (W.D. Tex. Jan. 20, 2023). Plaintiff offers no counterargument in their opposition, aside from a regurgitation of its "special interest" theory, and the false notion that amicus argues *facts* without citing to any

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

allegedly argued facts (there are none, aside from those raised by the parties). The failure to address these authorities should be deemed as admissions that admitting amicus is within its broad discretion, and that his brief is timely, useful, and argues law, rather than facts.

### C) Court Should Reject Plaintiff's Slippery Slope Fallacy

Plaintiff forewarns that allowing Amicus to file his brief would "open the floodgates," and could cause "millions of amici to participate in this proceeding[.]" How ridiculous. Amicus's other amicus matters discussed herein, *Dan Schneider* and *Harvard*, involved parties that are more famous than the present ones (no disrespect intended), and millions of amici did not seek to participate after him. None did. Plaintiff cites to no instance of a flood of amici happening, because none exists outside of, perhaps, the US Supreme Court. District Court amici are uncommon, and that will remain so.

### V. Conclusion

Rinaudo misspelled amicus curiae, each time, in their opposition, and *willfully* failed to serve the opposition on Amicus *after* being forewarned by the court of further procedural blunders. The LLC-plaintiff forgot to join into said opposition, thus consenting to the motion. Plaintiff has bigger problems than amicus. Amicus argued the *law*, rather than *facts*, contrary to Rinaudo's assertions. Plaintiff cites to an out-of-circuit authoritiy in which the same amicus has been granted leave to file a similar amicus brief within that same jurisdiction. The unique presentations of the parties' facts, and application of Texas Common Law to them, in the amicus brief, may be helpful to the court. The court should deem the amicus brief filed because it may be helpful, or alternatively, as a sanction due to plaintiff's gross mishandling of the opposition.

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

Respectfully Submitted this 17th day of March, 2026,

Joshua A. Lapin
Proposed-Amicus (*Pro Se*)
1001 S Main ST #12030
Kalispell, MT 59901
thehebrewhammerjosh@gmail.com
Facsimile: (727) 208-4969

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing, traditionally filed[3] and hand-delivered-by-process-server document, as well as the Declaration of Joshua Lapin, will be served on all counsel by first class mail to:

Counsel for Defendant Emily Beth Schunk:

| | |
|---|---|
| Carly Michiko Moran; Jessica R. Corpuzdddd Weintraub Tobin Chediak Coleman Grodin 400 Capitol Mall 11th Floor Sacramento, CA 95814 | Daniel H Byrne 402 West 7th St. Fritz Byrne, PLLC Austin, TX 78701 |

Counsel For Defendants King Gaming Labs, Inc; Mythic Talent Management, Inc; OTK Media Inc:

| | |
|---|---|
| Dean J. DiPilato Steven L. Eychner Wesley Lome Gerrie Newman & Lickstein 109 South Warren St. Suite 404 Syracuse, NY 13202 | Jennifer S. Freel Jackson Walker LLP 100 Congress Ave. Suite 1100 Austin, TX 78701 |

---

[3]The initial motion was electronically filed by deputy clerk Christian Rodriguez as a "one-time courtesy," with instructions to file anything further by mail. It's for that reason that Amicus serves this traditionally-filed motion by first class mail to the attorneys for the parties.

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Counsel For Defendant Zack Hoyt:

| Christopher L. Peele<br>David Austin Robert Nimocks<br>Cleve Weston Doty<br>PNT Law Firm<br>206 Wild Basin Road S.<br>Building A, Suite 206<br>Austin, TX 78746 | |

Counsel For Plaintiffs "Matthew Misrendino aka Matthew Rinaudo" ; Mizkif Enterprises LLC

| Aaron J. Burke<br>Alexia Nicoloulias<br>J. Collin Spring<br>John Hunter Ralston<br>Jude T. Hickland<br>Burke Bogdanowicz PLLC<br>1201 Elm St.<br>Suite 4000<br>Dallas, TX 75270 | |

Joshua A. Lapin

REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF
Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

# EXHIBIT

# A

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

 Gmail                                                 Joshua Lapin <thehebrewhammerjosh@gmail.com>

## Request To Meet and Confer Re: Motion For Leave to File Amicus Brief. Rinaudo et al v. Schunk et al, No. 1:2025cv01773

Joshua Lapin <thehebrewhammerjosh@gmail.com>                              Thu, Mar 5, 2026 at 2:58 PM
To: Jay Spring <jspring@burkebog.com>, "cleve@pntlawfirm.com" <cleve@pntlawfirm.com>, "austin@pntlawfirm.com" <austin@pntlawfirm.com>,
Aaron Burke <aaron@burkebog.com>, Alexia Nicoloulias <anicoloulias@burkebog.com>, Hunter Ralston <hralston@burkebog.com>,
"ddipilato@newmanlickstein.com" <ddipilato@newmanlickstein.com>, "seychner@newmanlickstein.com" <seychner@newmanlickstein.com>,
"wgerrie@newmanlickstein.com" <wgerrie@newmanlickstein.com>, "jfreel@jw.com" <jfreel@jw.com>, Chris Peele <chris@pntlawfirm.com>,
jhickland@burkebog.com, cmoran@weintraub.com, jcorpuz@weintraub.com

Re: *Rinaudo v. Schunk*, No. 1:2025cv01773 (W.D.TX, filed Nov. 3 2025)

Counsel for all Plaintiffs and Defendants in the above-captioned matter (including quite a few newly admitted additions...welcome to them).

**Please See Attached:**

1) (Partially Opposed) Motion For Leave to Appear as Amicus Curiae In Support of Defendant Zack Hoyt's Motion To Dismiss
2) [Proposed] Amicus Brief
3) Proposed Order [Granting the Same]

**E-Service of Documents**
Attorneys are required to use CM/ECF, *absent* leave to file by paper, which registers them for electronic service under the rules. Conversely, nonlawyers like me, are required to file by paper, *unless* leave to use CM/ECF is granted. However, leave to e-file will not be granted to a non-party, including an amicus curiae, *even if* the attached is granted. As such, technically service upon me is only properly done by mail. Lets fix that: I consent to e-service of any/all documents in this matter that are to be served on me (i.e. oppositions to my motion) ,by e-mail, in lieu of a physical copy, right here, at thehebrewhammerjosh@gmail.com, pursuant to Fed. R. Civ.. P. 5(b)(2)(E). No need to mail me anything, so long as you *timely* e-mail me here.

                                    /s/. *Joshua A. Lapin*
                                    _____
                                    Joshua A. Lapin

**End of the Road**
If the motion is denied, I'm finished with this matter. If it's granted, I'm probably finished as well, with a *very slight* chance I'll seek leave to brief another issue later in this case. Suffice to say, if the underlying MTD is granted, the case will be no longer, and that would be good for *all* parties. As such, I appreciate the opportunity to have had input in this case: *pro se* amicus briefs are uncommon, and I hope it served a useful purpose here. Thanks to all parties for quickly responding to my required, local rule, meet-and-confer request: even to the plaintiffs who oppose the motion: they were professional. And to Asmongold: good luck, and thank you for the entertaining political commentary over the years, which often runs in the background and keeps me in good spirits, as I tediously brief my *pro se* e-mail spam cases against well-represented defendants.

--



**Joshua Lapin** "The Hebrew Hammer" (Texas Division)

Pro Se (albeit, rather good) Email Spam Litigator

**Ph:** (714) 654-8886 Call-Or-Text  **Fax:** (727) 208-4969

**Addr** 1001 S Main ST #12030 Kalispell, MT 59901

[Quoted text hidden]

---

**3 attachments**

📄 **Motion For Leave to File Amicus Brief.pdf**
    150K

📄 **Proposed Order.pdf**
    60K

📄 **Amicus Brief.pdf**
    158K

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61
                                                                                                3/17/26, 7:33 PM

# EXHIBIT

# B

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### North Central District, Glendale Courthouse, Department E

24NNCV01328
DAN SCHNEIDER vs WARNER BROTHERS DISCOVERY, INC., et al.

June 14, 2024
8:30 AM

Judge: Honorable Ashfaq G. Chowdhury     CSR: None
Judicial Assistant: A. Ataryan     ERM: None
Courtroom Assistant: J. Hernandez     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Gerry Silver and Jana Moser via LACourtConnect

For Defendant(s): VINCENT HENRY CHIEFFO via LACourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Motion for Leave Application For Leave To File an Amicus Brief [Res ID:_3142}

The matter is called for hearing.

Court discusses the matter with the parties.

After discussion, the Court rules as follows:

Motion for Leave Application For Leave To File an Amicus Brief is granted.

Orders are signed and filed this date.

Court deems Amicus Brief filed.

Clerk to give notice.

Certificate of Mailing is attached.

Doc ID: 81863bd48d35f1d969ac773920cd766e3b473d61