IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW MISRENDINO A/K/A, MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC<br>　　　　Plaintiffs,<br><br>v.<br><br>EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA, INC. D/B/A ONE TRUE KING, MYTHIC TALENT MANAGEMENT, INC. and KING GAMING LABS, INC.<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **1:25-CV-01773-RP** |

## PARTIALLY AGREED SCHEDULING ORDER[1]

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1.     A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before the 90th day before trial.

---

[1] The Parties were not able to reach agreement on the date of trial or the timing of initial disclosures.

Plaintiffs' position is that initial disclosures should take place within 30 days of the date the Court enters this Scheduling Order and that trial should be set for August or September 2027.

All Defendants  ask that initial disclosures be due 45 days after the latest of (a) the issuance of the Court's Order on the pending Motions to Dismiss; (b) the issuance of the Court's Order on the pending Motion to Compel Arbitration; or (c) the filing of the Second Amended Complaint, if such a pleading is required by the Court's ruling on the Motion to Dismiss. Defendants ask that the trial be set in January of 2028.

Once the trial date is set, the Parties are prepared to submit an agreed new proposed order with dates specifying month, date, and year.

2.      The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before the 120th day before trial, and each opposing party shall respond, in writing, on or before the 100th day before trial. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3.      Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before May 31, 2026.

4.      The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before the 210th day before trial.

5.      All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before the 210th day before trial. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before the 165th day before trial. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

6.      An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

7.      The parties shall complete all discovery on or before the 150th day before trial.

8.      All dispositive motions shall be filed on or before the 120th day before trial and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 21 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 14 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

9.      The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

10.     This case is set for _____ trial commencing at 9:00 a.m. on _____, 20_____.

Jury selection may be conducted by a Magistrate Judge and may occur the Friday before the case is set for trial. Because criminal and civil cases are often set for the same trial week, the Court may need to reschedule your trial shortly before the trial date. If the parties resolve their dispute after 5:00 p.m. the day before jury selection or resolve their dispute earlier but fail to timely notify the Court, the parties may be assessed up to $5,000 for the lost opportunity to schedule other matters and to cover court costs like summoning the jury panel and paying the fees of the jury panel.

The parties may modify the deadlines in this order by agreement, with the exception of the dispositive motions deadline, hearing dates, and trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____, 20_____.


_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Case 1:25-cv-01773-RP   Document 52   Filed 05/13/26   Page 5 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| MATTHEW MISRENDINO A/K/A,<br>MATTHEW RINAUDO and MIZKIF<br>ENTERPRISES, LLC<br>Plaintiffs,<br><br>v.<br><br>EMILY BETH SCHUNK, ZACK HOYT,<br>OTK MEDIA, INC. D/B/A ONE TRUE<br>KING, MYTHIC TALENT<br>MANAGEMENT, INC. and KING<br>GAMING LABS, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:25-CV-01773-RP |

## **NOTICE CONCERNING REFERENCE TO**
## **UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73,

and the Local Rules of the United States District Court for the Western District of Texas, the

following parties _____

through counsel _____

    ____ consents to having a United States Magistrate Judge preside over the trial in this case.

    ____ declines to consent to trial before a United States Magistrate Judge.

Respectfully submitted,

_____

Attorney for:

_____