# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Matthew Misrendino a/k/a Matthew Rinaudo and Mizkif Enterprises LLC ,** *Plaintiffs* | § § § § | |
| **v.** | § § | **Case No. 1:25-cv-01773-RP** |
| **Emily Beth Schunk; Zack Hoyt; OTK Media Inc.; Mythic Talent Management, Inc.; and King Gaming Labs, Inc.,** *Defendants* | § § § § § | |

## ORDER

Before the Court are Defendants OTK Media Inc., Mythic Talent Management, Inc., and King Gaming Labs, Inc.'s Opposed Motion to Compel Arbitration and Stay Litigation, filed December 23, 2025 (Dkt. 17); Defendant Zack Hoyt's Amended Motion to Dismiss, filed February 5, 2026 (Dkt. 32); Defendant Emily Beth Schunk's Motion to Dismiss First Amended Complaint, filed March 3, 2026 (Dkt. 39); and the related response and reply briefs.[1]

Plaintiffs Matthew Misrendino a/k/a Matthew Rinaudo ("Rinaudo") and his limited liability company, Mizkif Enterprises LLC, bring this defamation and breach of contract suit against Defendants Emily Beth Schunk and Zack Hoyt; OTK Media Inc., a Delaware corporation with its principal place of business in Austin, Texas; Mythic Talent Management, Inc., a Delaware corporation with its principal place of business in Texas; and King Gaming Labs, Inc., a Delaware corporation with its principal place of business in Texas. Plaintiffs invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] By Text Orders entered April 28, 2026, the District Court referred the motions to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Defendants do not dispute that jurisdiction exists. Even so, this Court has "an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023).

Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW*, 83 F.4th at 407.

Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). LLCs are citizens of any state of which their members are citizens. *SXSW*, 83 F.4th at 408. An individual's citizenship is determined by the state of domicile; residence in a state alone is insufficient. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007). To establish diversity jurisdiction in a suit by or against an LLC, a party "must specifically allege the citizenship of every member of every LLC," *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017), with "clear, distinct, and precise affirmative jurisdictional allegations." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Plaintiffs' jurisdictional allegations in their First Amended Complaint, their live pleading, are deficient in two related respects. First, Plaintiffs allege only the residence, not the domicile, of each individual plaintiff and defendant: Rinaudo, Emily Beth Schunk, and Zack Hoyt. Dkt. 25 ¶¶ 1, 6-7. For this reason, because Rinaudo alleges that he is the sole member of Plaintiff Mizkif Enterprises LLC, he has failed to specifically allege the citizenship of the LLC as well as his own.

The Court **ORDERS** Plaintiffs to file a brief alleging the domicile of Rinaudo, Schunk, and Hoyt as of the date this case was filed (November 3, 2025) by **June 5, 2026**. If necessary, Defendants may file a brief responding to these allegations and any other relevant jurisdictional issues by **June 12, 2026**.

**SIGNED** on May 26, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3