**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC, | § § § § | |
| Plaintiffs, | § § | **Cause No. 1:25-CV-01773** |
| v. | § § § | |
| EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA INC d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC and KING GAMING LABS, INC., | § § § § § § § | |
| Defendants. | § § | |

## OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

COMES NOW Matthew Misrendino a/k/a Matthew Rinaudo and Mizkif Enterprises LLC (collectively, "Rinaudo") who file this *Objection* to the Magistrate Judge's *Report and Recommendations* [ECF Doc. 55]. In opposition thereto, Rinaudo shows the Court as follows herein. Rinaudo further respectfully requests oral argument be granted on the grounds that it will assist the Court in determining a matter of first impression in this District.

## INTRODUCTION

The Magistrate Judge erred in recommending that the Court compel arbitration of Rinaudo's claims against Defendants OTK Media Inc. ("OTK"), Mythic Talent Management, Inc. ("Mythic"), and King Gaming Labs Inc. ("King") (collectively, "OMK").

1

At core, the Magistrate Judge failed to appreciate a small but determinative difference between the statutory definitions applicable to cases falling under the "sexual harassment dispute" prong of the Ending Forced Arbitration Act ("EFAA") and case falling under the "sexual assault dispute" prong. Although it is uncontested that this matter presents a sexual assault dispute, the Magistrate Judge based her recommendation on authority interpreting—and turning on language unique to—the definition of "sexual harassment dispute."

Because the Magistrate Judge relied on inapplicable authority in a manner that contravenes the text of the EFAA, Rinaudo respectfully submits that the Court should reject her *Report and Recommendations* as concerns the arbitration issue. For the reasons set forth more fully *infra*, Rinaudo asks that the Court enter an *Order* (1) denying Mythic's *Motion to Compel Arbitration*; and (2) denying OMK's request to stay proceedings of the claims against them pending arbitration.

Rinaudo does not object to the portions of the *Report and Recommendations* which urge the Court to (1) deny Defendant Schunk's *Motion to Dismiss*; (2) grant Defendant Schunk's *Motion for More Definite Statement*; or (3) grant, without prejudice, Defendant Hoyt's *Motion to Dismiss.*

### ARGUMENT AND AUTHORITIES

I.    THE MAGISTRATE JUDGE'S REPORT CONTRAVENES THE PLAIN LANGUAGE OF 9 U.S.C. § 401(3)

It is a principle of statutory construction as foundational as bedrock that, when Congress uses different words, it intends different meanings. *Sosa v. Alvarez-*

*Machain*, 542 U.S. 692 fn. 9 (2004) (*abrogated on other grounds by Cisco Sys., Inc. v. Doe*, 609 U.S. ---, 2026 WL 1791225 (June 23, 2026)). It is similarly foundational that Congress knows the law when it acts. *See, e.g., Hall v. U.S.*, 566 U.S. 506, 513 (2012). Given these two rules, combined with the plain text of the EFAA, the Magistrate Judge's recommendation to compel arbitration is not supportable.

The EFAA defines sexual harassment dispute as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4). Accordingly, to preclude the enforcement of an arbitration agreement under the sexual harassment prong of the statute, the plaintiff must be a "person alleging conduct" which would "constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.*; 9 U.S.C. § 402(a). Necessarily, then, under this prong of the statute, a person who contends that they were wrongly accused of sexual harassment cannot invoke the EFAA—wrongful accusations of sexual harassment do not constitute sexual harassment under any applicable law.

Conversely, the EFAA defines sexual assault dispute as "a dispute *involving* a nonconsensual sexual act or sexual contact." 9 U.S.C. § 401(3) (emphasis added). Note that a sexual assault dispute *does not* require that the complainant allege the conduct "constitutes sexual assault." Rather, it requires only that the dispute "involves" nonconsensual sexual acts or sexual contact. Accordingly, under the sexual-assault prong of the statute, a plaintiff need only be a "person alleging conduct" "involving nonconsensual sexual acts or sexual contact." 9 U.S.C. § 401(3).

3

There are two key distinctions in these definitions which the *Report and Recommendation* overlooks. First, while the definition of "sexual harassment dispute" is limited by the requirement that the conduct alleged "constitute sexual harassment under applicable Federal, Tribal, or State law," the sexual assault definition contains no such limitation. Second, Congress' use of the word "involve" requires an expansive application of EFAA protections.

### A. The Magistrate Judge erred by imposing an extratextual requirement based on language not found in the relevant statutory text.

As noted *supra,* the definition of "sexual harassment dispute" requires that the dispute relate to conduct "*that is alleged to constitute* sexual harassment." 9 U.S.C. § 401(4). The definition of "sexual assault dispute" does not. 9 U.S.C. § 401(3). The Magistrate Judge erred by transposing a requirement found only in the sexual-harassment-dispute context onto the definition of sexual assault disputes. As such, the *Report and Recommendation* runs afoul of the prohibition against "judicially amend[ing] a statute, adding words not implicitly contained in the language of the statute." *See, e.g., Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993).

If Congress wanted to include a requirement in the definition of sexual assault dispute that the plaintiff actually allege that the conduct constituted sexual assault, it knew how to do so. Indeed, it did so in the immediately following subsection where sexual harassment dispute is defined. Congress could easily have defined sexual assault dispute as a "dispute relating to conduct that is alleged to constitute sexual

assault under applicable Federal, Tribal, or State law," mirroring the sexual harassment definition perfectly. It did not choose to do so.

"[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." *Sosa v. Alvarez-Machain*, 542 U.S. 692 fn. 9 (2004) (*abrogated on other grounds by Cisco Sys., Inc. v. Doe*, 609 U.S. ---, 2026 WL 1791225 (June 23, 2026)). Applying this canon here, Congress' choice to omit an "alleged to constitute" clause from the definition of sexual assault dispute should be read to suggest that Congress did not intend to require that the plaintiff alleges the conduct constitutes sexual assault. To hold otherwise would render the "alleged to constitute" clause of the sexual harassment definition surplusage.

   B.  *Congress' use of the word 'involve' denotes an expansive intent.*

Rather than requiring that the conduct complained of "constitutes" sexual assault, the EFAA requires only that the dispute "involve" sexual assault. The clear precedents of both this Circuit, its sisters, and the Supreme Court make clear that this dispute does. Accordingly, the EFAA prohibits arbitration.

As the Fifth Circuit has noted, "[t]he word 'involving' is an exceedingly broad term for a statute." *U.S. v. Vickers*, 540 F.3d 356, 365 (5th Cir. 2008). While the EFAA does not define "involving," the Fifth Circuit has already ruled on the term's plain meaning in other contexts: "[t]he plain meaning of the term 'involving' means 'related to or connected with.'" *U.S. v. Vickers*, 540 F.3d 356, 365 (5th Cir. 2008). The other

Circuits, similarly, read this language broadly. *U.S. v. Arnaout*, 431 F.3d 994, 1001 (2nd Cir. 2005) ("The ordinary and plain meaning of 'involved' means 'to include.'"); *Nijahawan v. Atty Gen. of U.S.*, 523 F.3d 387, 390 (3rd Cir. 2008) ("The word 'involves' means 'to have within or as part of itself' or 'to require as a necessary accompaniment.'"); *U.S. v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999) (holding that phrase "involved an official" in sentencing guidelines should be read broadly); *U.S. v. Gould*, 30 F.4th 538, 545 (6th Cir. 2022) ("Circuit courts have repeatedly held . . . that the term 'involve' is expansive.") (collecting cases).

The Supreme Court, likewise, has already decided that the word "involving" should be broadly construed—and specifically should be so construed in the arbitration context. In *Allied-Bruce Terminix Co., Inc. v. Dobson*, considering the phrase "transaction involving commerce," the Court concluded that "the word 'involving' is broad." 513 U.S. 265, 274 (1995).

When it passed the EFAA, Congress was aware of the prior decisions interpreting the language it used therein. *See, e.g., Hall v. U.S.*, 566 U.S. 506 (2012) ("We assume that Congress is aware of existing law when it passes legislation.") By specifically choosing to employ the term "involving" in the definition of sexual assault dispute, Congress should be presumed to have intended it to have the same broad expanse that the Supreme Court had already given it in the arbitration context.

Giving the term "involving" its proper, broad construction, it is clear that this case "involves" a nonconsensual sexual act or sexual contact. Defendants contend that a nonconsensual sexual contact occurred. Rinaudo contends that, while a sexual

6

contact occurred, it was consensual. Beyond merely "involving" a nonconsensual sexual contact, a nonconsensual sexual contact *forms the very core of the dispute.* Accordingly, arbitration should not be compelled.

### C. The Magistrate Judge's reliance on Raupp—a sexual harassment dispute case—is misplaced.

*Raupp*, on which the Magistrate Judge relied for the proposition that Rinaudo cannot invoke the EFAA because he is the alleged perpetrator of sexual assault, was a sexual *harassment* case and turned on language unique to the definition of "sexual harassment dispute." *Raupp v. Compass Grp. USA, Inc.*, No. 24-10565, 2024 WL 4948838 *2 (E.D. Mich. Dec. 3, 2024).

Indeed, even the language that the Magistrate Judge quoted from *Raupp* confirms this conflation. The Magistrate Judge, quoting *Raupp*, wrote that "[t]o the extent Plaintiff argues that he may elect to invalidate the arbitration agreement because of the *sexual harassment accusation* against him, the Court disagrees." (ECF Doc. 55 at 5) (emphasis added). But there are no sexual *harassment* accusations against him.

Placed in context of the remainder of the paragraph, it becomes clear that *Raupp*'s holding was rooted in the specific statutory definition of sexual harassment dispute. Immediately following the language on which the Magistrate Judge relies, the *Raupp* opinion further explains: "The plain text of the EFAA confers the choice of whether or not arbitration is required to the person who 'alleges conduct constituting a sexual harassment dispute.' Plaintiff does not allege conduct constituting sexual

7

harassment; instead it was Johnson, not Plaintiff, who did so." *Raupp*, 2024 WL 4948838 at *2 (internal citations omitted). This was, of course, a proper application of the law—the definition of "sexual harassment dispute" specifically requires that the conduct be alleged to "constitute" sexual harassment. The Magistrate Judge's imputation of this requirement to the sexual assault context, where the language does not appear, was improper.

This Court should follow the well-reasoned example of the Southern District of Florida. In *Doe (J.K.) v. Celebrity Cruises, Inc.*, the court rejected the argument that a plaintiff must actually allege sexual assault. 792 F. Supp. 3d 1371, 1380 (S.D. Fla. 2025). The defendant in *Celebrity Cruises* specifically argued that, for the EFAA to apply, "plaintiffs [must] assert that the conduct they describe actually violates a specific statute or Tribal or state law." *Id.* The Court rejected that position. *Id.* Instead, it reasoned that "[t]he definition of 'sexual assault dispute,' [] requires only that the 'dispute' at issue includes or relates to conduct that meets the definition of 'sexual act' or 'sexual conduct.'" *Id.*

Following this rationale here, the irresistible conclusion is that the case may not proceed to arbitration. "Sexual conduct" is defined in 18 U.S.C.A. § 2246(3)—and therefore by reference in the EFAA—as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to . . . gratify the sexual desire of any person." It is uncontested among the parties that a sexual contact, as that term is defined,

occurred. It is disputed whether, as Defendant Schunk claimed before thousands of viewers, this constituted sexual assault.

To put it differently, to compel arbitration here, the Court must somehow conclude that when parties dispute whether a nonconsensual sexual contact occurred, the dispute does not involve or relate to a nonconsensual sexual contact.

The *Report and Recommendation* emphasizes the language of 9 U.S.C 402(a), which states that arbitration cannot be compelled "at the election of the person alleging conduct constituting a . . . sexual assault dispute." But "alleging conduct constituting a sexual assault dispute" does not mean "alleging conduct constituting sexual assault"—Congress has given the Court a statutory definition, and it has no discretion to refuse to apply it. Rather, to invoke the EFAA, Rinaudo must be a "person alleging conduct constituting" "a dispute involving a nonconsensual sexual act or sexual contact." 9 U.S.C. 402; 401(3). By alleging that he was defamed by false allegations of sexual assault, Rinaudo meets this definition and is entitled to invoke the protections of the EFAA.

II.   STAYING THE ACTION AS TO OMK IS IMPROPER BECAUSE COMPELLING ARBITRATION IS IMPROPER.

For the reasons set forth at length above, the Court should not compel this matter into arbitration as to Mythic. Accordingly, it is improper to stay the lawsuit as to OMK.

**CONCLUSION**

Rinaudo respectfully submits that the *Report and Recommendation* contravenes the plain text of the EFAA and derogates well-established principles of statutory construction. By importing a requirement unique to the sexual harassment prong of the statute into the sexual assault statute, the Magistrate Judge asks this Court to judicially amend the EFAA to impose an extratextual requirement. The Court should not do so.

Accordingly, the foregoing considered, Rinaudo prays this Honorable Court REJECT the *Report and Recommendation* in such part as it relates to (1) the *Motion to Compel Arbitration* and; (2) the *Motion to Stay*.

Dated March 17, 2026.

Respectfully submitted,

**BURKE BOGDANOWICZ PLLC**

**AARON J. BURKE**
Texas Bar No. 24073977
*aaron@burkebog.com*
**JUDE T. HICKLAND**
Texas Bar No. 24065416
*jhickland@burkebog.com*
**J. COLLIN SPRING**
Texas Bar No. 24118989
*jspring@burkebog.com*
**ALEXIA P. NICOLOULIAS**
Texas Bar No. 24125817
*anicoloulias@burkebog.com*

1201 Elm Street, Suite 4000
Dallas, Texas 75270
Tel/Fax 214.888.2824

**ATTORNEYS FOR PLAINTIFFS
MATTHEW MISRENDINO A/K/A
MATTHEW RINAUDO AND MIZKIF
ENTERPRISES LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been served on counsel for all parties having appeared in this matter via CM/ECF on June 29, 2026.

**J. COLLIN SPRING**

11