IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MATTHEW MISRENDINO a/k/a § 
Matthew Rinaudo and MIZKIF § 
ENTERPRISES, LLC, § 
 § 
 Plaintiffs, § 
 § 
v. §     1:25-CV-1773-RP
 § 
EMILY BETH SCHUNK, et al, § 
 § 
 Defendants. § 

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Defendants OTK Media Inc. ("OTK"), Mythic Talent Management, Inc. ("Mythic"), and King Gaming Labs, Inc.'s ("King") Opposed Motion to Compel Arbitration and Stay Litigation, filed December 23, 2025 (Dkt. 17); Defendant Zack Hoyt's ("Hoyt") Amended Motion to Dismiss, filed February 5, 2026 (Dkt. 32); and Defendant Emily Beth Schunk's ("Schunk") Motion to Dismiss First Amended Complaint, filed March 3, 2026 (Dkt. 39). (R&R, Dkt. 55). Plaintiffs Matthew Misrendino a/k/a Matthew Rinaudo ("Misrendino") and Mizkif Enterprises LLC ("Mizkif") (together, "Plaintiffs") timely filed objections to portions of Judge Hightower's report and recommendation. (Objs., Dkts. 56).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When

1

no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because Plaintiffs only object to the portions of the report and recommendation concerning OTK, Mythic, and King's Motion to Compel Arbitration and Stay Litigation, the Court reviews all other portions of the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts those portions of the report and recommendation as its own order

Because Plaintiffs filed timely objections to the portions of the report and recommendation concerning OTK, Mythic, and King's Motion to Compel Arbitration and Stay Litigation, the Court reviews those portions of the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiffs' objections and adopts the report and recommendation as its own order.

The Court additionally briefly notes that, while Plaintiffs' Objections attempt to sharply distinguish between the treatment of sexual harassment and sexual assault under the Ending Forced Arbitration for Sexual Harassment and Sexual Assault Act ("EFAA"), (Objs., Dkt. 56, at 3–4), they ignore that the most relevant portion of the EFAA addresses both sexual harassment and sexual assault together. *See* 9 U.S.C. § 402(a) (explaining that "at the election of the **person alleging conduct constituting a sexual harassment dispute or sexual assault dispute**" arbitration can be avoided) (emphasis added).

Moreover, Plaintiffs' attempts to parse the differences between the EFAA's definitions of sexual harassment and sexual assault by focusing on the language "a dispute involving" in the definition of a sexual assault dispute and "conduct that is alleged to constitute" in the sexual harassment definition similarly ignore the larger parallel structure of the two definitions. (Objs., Dkt. 56, at 3–4); 9 U.S.C. § 401(3), (4). Under the EFAA, in relevant part, a "sexual harassment dispute"

"means a dispute relating to conduct that is alleged to constitute sexual harassment," and a "sexual assault dispute" "means a dispute involving a nonconsensual sexual act or sexual contact." 9 U.S.C. § 401(3), (4). Plaintiffs claim that the word "involving" in the sexual assault dispute definition is so broad as to make the EFAA's treatment of sexual harassment and sexual assault entirely different. (Objs., Dkt. 56, at 5–6). However, both definitions contain broad language—"involving" and "relating to"—but neither sweeps so broadly as to mean that "the person alleging conduct constituting a sexual harassment dispute or a sexual assault dispute," i.e., the person who may elect to avoid arbitration, is in fact the person accused of—and denying—either sexual harassment or assault. *See Raupp v. Compass Grp. USA, Inc.*, No. 24-10565, 2024 WL 4948838, at *2 (E.D. Mich. Dec. 3, 2024).

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 55), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' OTK, Mythic, and King's Motion to Compel Arbitration and Stay Litigation, (Dkt. 17), is **GRANTED**. Litigation of Counts One and Three of Plaintiffs' First Amended Complaint is **STAYED** as to all Defendants pending arbitration.

**IT IS FURTHER ORDERED** that Defendant Schunk's Motion to Dismiss, (Dkt. 39), is **DENIED**, but that that Plaintiff Misrendino shall submit a More Definite Statement **on or before August 10, 2026,** identifying each statement by Defendant Schunk that Misrendino alleges to be defamatory, including (1) the exact quotes from her livestream, (2) how each statement is untrue, and (3) how it harms him.

**IT IS FINALLY ORDERED** that Defendant Hoyt's Amended Motion to Dismiss, (Dkt. 32), is **GRANTED**. Count Two of Plaintiffs First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to Hoyt.

**SIGNED** on July 10, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4