**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| **MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA, INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC.**,<br><br>Defendants. | **Case No. 1:25-cv-01773-RP** |

**<u>DEFENDANT EMILY BETH SCHUNK'S MOTION TO STRIKE MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)</u>**

Defendant Emily Beth Schunk ("Schunk") hereby moves to strike the More Definite Statement (Dkt. No. 60) filed by Plaintiff Matthew Misrendino ("Misrendino") for failure to comply with Federal Rule of Civil Procedure 12(e) and this Court's Order dated July 10, 2026 (Dkt. No. 57).

## I. <u>Introduction and Factual Background</u>

Misrendino and Schunk are both content creators and public figures. Misrendino sued Schunk for defamation under Texas law based on statements she made during a livestream. The First Amended Complaint (Dkt. No. 25) recited a handful of short quotations and fragments from Schunk's livestream. Schunk moved to dismiss the First Amended Complaint under Rule 12(b)(6) and, in the alternative, moved for a more definite statement under Rule 12(e) (Dkt. No. 39).

The Magistrate Judge issued a Report and Recommendation (Dkt. No. 55) recommending, among other things, that the District Court grant Schunk's alternative motion for a more definite statement and order Misrendino to identify "(1) the exact quotes from her livestream he alleges to be defamatory, (2) how they are untrue, and (3) how they harm him." Dkt. No. 55 at 10–11. The Magistrate Judge observed that Misrendino had provided "mostly one- to three-word quotes" from a ninety-minute livestream, "provides no context surrounding Schunk's statements," and cited quotes that "do not align with timestamps on the transcript Schunk submitted." *Id*. at 10.

On July 10, 2026, this Court adopted the Report and Recommendation and ordered Misrendino to submit a "More Definite Statement" by August 10, 2026 addressing the three required elements laid out in the Report and Recommendation. Dkt. No. 57 at 3.

On August 10, 2026, Misrendino filed the "More Definite Statement" at issue. Dkt. No. 60. It is not styled as, and does not function as, an amended complaint. It does not name all parties and claims, or otherwise operate as a pleading. It does not state that it incorporates or supersedes the First Amended Complaint; in fact, it does not even address the allegations which the Court found to be deficient in the First Amended Complaint. It only lists nine statements, each followed by a conclusory assertion that the statement is "false" and an identical, formulaic statement asserting

reputational, mental-health, and income "harm."

Some of these statements are similar to the allegations in the First Amended Complaint, but some are not. For example, at paragraph 20(n) of the First Amended Complaint, Misrendino alleges that one of Schunk's supposedly defamatory statements was that he "was screaming at her due to her cat." Dkt. No. 25. This allegation does not appear in the More Definite Statement, nor does the More Definite Statement clarify that this sub-paragraph is withdrawn or replaced. Schunk – as well as the Court – is left to wonder whether this allegation is still an operative part of Misrendino's claims against her, and whether she still needs to respond to this allegation.

Moreover, the More Definite Statement "reserves the right to amend this Statement in the future," raising the question of whether the More Definite Statement is a full and complete recitation of Misrendino's claims against Schunk. Dkt. No. 60 at 1. It is unclear whether Misrendino intends to identify additional supposedly defamatory statements in the future, springing them on Schunk after the deadline to assert any motion to dismiss has passed.

Therefore, counsel for Schunk met and conferred with counsel for Misrendino regarding this issue. Schunk's counsel proposed that the parties stipulate to an agreed schedule by which Misrendino would file a Second Amended Complaint (and offered that Misrendino could take whatever time he needed to amend and file such Second Amended Complaint) and then Schunk could respond to the now-operative pleading. *See* Declaration of Jessica R. Corpuz in Support of Motion to Strike More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), filed concurrently herewith ("Corpuz Decl."), at ¶ 3. Although initially receptive, Misrendino later rejected the proposal via email and refused to file an amended pleading. *Id*. at ¶ 4, Exhibit A (email correspondence). Counsel for Schunk responded via email, "there really is no operative pleading for Schunk to respond to and it's not clear what claims are still active." *Id.* Counsel further stated, "We think the Judge would appreciate the clarity of having a single operative complaint and a single response. We would also appreciate that clarity." *Id*. Counsel for Misrendino did not respond to that email, nor to a follow up email a few days later. *Id*. at ¶¶ 5-7, Exhibit A (email correspondence). Given Misrendino's unwillingness to cooperate in good faith with Schunk to fix the procedural

problem he himself created, Schunk had no choice but to file the instant Motion and ask the Court to strike the improper More Definite Statement.

## II. Misrendino was Required to File a Unitary Pleading Setting Forth his Claims Against Schunk, Not a Freestanding "More Definite Statement" Which Contradicts the First Amended Complaint

To satisfy an order for a more definite statement, "the party must submit an *amended pleading* containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (emphasis added); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1379, at 636 ("the party must submit an amended pleading containing sufficient detail to satisfy the court's direction and to meet the opponent's valid objections to the earlier pleading."). "[A] More Definite Statement [is required to] be drafted as a *unitary pleading capable of standing alone* as a complete statement of the allegations making up the claims attempted to be asserted in the prior pleading it is intended to supplement". *F.D.I.C. v. Reiner*, 144 F.R.D. 599, 600 (D. Me. 1992) (emphasis added); *see also Artis v. Yellen*, 309 F.R.D. 69, 73 (D.D.C. 2015), *aff'd,* No. 15-5260, 2015 WL 10583057 (D.C. Cir. Dec. 21, 2015) (response to an order directing a more definite statement is an "amended and simplified pleading").

The purpose of the filing of an amended pleading is to give the parties and the Court a single operative document which sets forth the entirety of the plaintiff's claims. Fed. R. Civ. P. 8(d)(1) requires that "[e]ach allegation must be *simple, concise, and direct*," which cannot be accomplished by multiple pleadings which conflict with each other.

To have two documents setting forth confusing and potentially contrary allegations is unfairly burdensome to the responding party and to the Court which must parse through the plaintiff's claims. "It serves no useful purpose, in the view of the Court, to have the pleaded claim for relief of a party set forth in two documents rather than in a single one. Worse still, a bifurcated pleading causes all who use or rely on the pleading, including the Court, to be beset with uncertainties and ambiguities as to how the provisions of the two documents are intended to mesh."

*Reiner*, 144 F.R.D. at 600. [1]

This is exactly what has occurred here. The Order found the First Amended Complaint deficient, and ordered Misrendino to cure those deficiencies. *See* Dkt. 57 at 3. The only vehicle that could accomplish that was an amended pleading – in substance, a Second Amended Complaint – that supersedes the First Amended Complaint and stands as the operative statement of Misrendino's claim.

In fact, Schunk proposed this very solution to Misrendino. Via telephone conference and in email, Schunk proposed that Misrendino remedy his procedural misstep by filing a Second Amended Complaint, and even offered to stipulate to a joint schedule which allowed Misrendino sufficient time to draft and file a Second Amended Complaint. *See* Corpuz Decl. at ¶¶ 4-7, Exhibit A (email correspondence). Yet Misrendino refused. *Id*.

As a result, Misrendino's pleadings are now contradictory and confusing. Do the allegations of the More Definite Statement replace and supersede those in the First Amended Complaint? Or do they merely add additional claims and (boilerplate, copy-and-paste) allegations of supposed harm to Misrendino? Is Schunk required to separately respond to the First Amended Complaint and again respond to the More Definite Statement? Or should Schunk submit a single response to the patchwork allegations in each document together?

It is impractical and unfair to require Schunk to respond to the More Definite Statement; the More Definite Statement standing alone is not a document to which Schunk can properly admit or deny as required by Fed. R. Civ. P. 8. Moreover, if Schunk were to submit an Answer to the More Definite Statement, uncertainties and ambiguities are certain to exist by anyone using or relying on the pleadings as to how the provisions of the First Amended Complaint, More Definite Statement,

[1] Moreover, a party cannot maintain two separate operative pleadings. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see also* Fed. R. Civ. P. 10. If a party attempts to incorporate earlier pleadings, it must be done "with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006).

and Answer are intended to mesh and correspond with each other.

The More Definite Statement also announces that Misrendino "reserves the right to amend this Statement in the future as more facts become known to him through the course of discovery." Dkt. No. 60 at 1. That reservation is telling. By treating the Court's Order as an invitation to plead conclusions now and locate support later, Misrendino has not "exercise[d] good faith in purporting" to file the required amended and simplified pleading. *Artis*, 309 F.R.D. at 73.

Rule 12 specifies the consequence of noncompliance with a court order compelling a more definite statement: "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). Rule 12(e) thus "provides a specific mechanism for striking a complaint (which, if stricken as a whole, has the effect of dismissing the action) in the context of orders for a more definite statement." *Artis*, 309 F.R.D. at 73 (quoting *Chennareddy v. Dodaro*, 282 F.R.D. 9, 14 (D.D.C. 2012)). "If the Rule 12(e) order is not complied with and the subject of the order is the complaint, the complaint may be stricken, which has the effect of a dismissal of the action." *Sefton*, 204 F.R.D. at 106. Where "a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted." *Artis*, 309 F.R.D. at 74.

Because Misrendino did not submit the amended pleading the Order required, the Court's order was "not obeyed" and the Court "may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

## III. Conclusion

For the foregoing reasons, Schunk respectfully requests that the Court strike Misrendino's More Definite Statement (Dkt. No. 60) and order Misrendino to file a Second Amended Complaint with a "simple, concise, and direct" statement of his alleged claims against Schunk and, if he fails to do so in a timely manner, to strike the First Amended Complaint (Dkt. No. 25) as to Schunk and dismiss the claims against her with prejudice.

DATED: August 24, 2026

Respectfully submitted,

*/s/ Jessica R. Corpuz*

Jessica R. Corpuz
Admitted *Pro Hac Vice*
California Bar No. 279237
jcorpuz@weintraub.com
Carly M. Moran
Admitted *Pro Hac Vice*
California Bar No. 333661
cmoran@weintraub.com
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN LAW CORPORATION**
10250 Constellation Boulevard, Suite 2900
Los Angeles, California 90067
Telephone: (310) 858-7888
Facsimile: (310) 550-7191

Daniel H. Byrne
Texas Bar No. 03565600
dbyrne@fritzbyrne.law
**FRITZ BYRNE, PLLC**
402 West Seventh Street,
Austin, TX 78701
Telephone: (512) 476-2020

**ATTORNEYS FOR DEFENDANT EMILY BETH SCHUNK**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system. A true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing service in accordance with the Federal Rules of Civil Procedure on August 24, 2026.

*/s/ Jessica R. Corpuz*
Jessica R. Corpuz