**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| **MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA, INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC.**,<br><br>Defendants. | **Case No. 1:25-cv-01773-RP** |

**DECLARATION OF JESSICA R. CORPUZ IN SUPPORT OF MOTION TO STRIKE MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)**



#5417097v1

I, Jessica R. Corpuz, declare:

1. I am an attorney licensed to practice before all courts in the State of California and am a Shareholder with Weintraub Tobin Chediak Coleman Grodin Law Corporation, attorney of record for defendant Emily Beth Schunk ("Schunk"). I am admitted to practice before this Court *pro hac vice* in the above-captioned matter. I am familiar with the facts set forth in this declaration and, if called as a witness, I could and would competently testify to those facts under oath.

2. This declaration is submitted in support of Schunk's Motion to Strike More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).

3. On August 17, 2026, I met and conferred with J. Collin Spring, counsel of record for Plaintiff Matthew Misrendino ("Misrendino") via phone regarding the procedural posture of this action. I informed him of Schunk's position that the More Definite Statement (Dkt. No. 60) did not satisfy the requirements of Rule 12(e) or the Court's Order dated July 10, 2026 (Dkt. No. 57) because the prior First Amended Complaint and new More Definite Statement do not provide a unitary pleading for Schunk to respond to, whether through motion practice or answer. I offered to stipulate to an agreed schedule by which Misrendino would file a Second Amended Complaint (and offered that Misrendino could take whatever time he needed to amend and file such Second Amended Complaint) and then Schunk could respond to the now-operative pleading. Mr. Spring was receptive to my proposal on the phone.

4. On August 18, 2026, Mr. Spring and I exchanged emails regarding this issue. Mr. Spring expressed via email that he had rethought the proposal discussed during our August 17 call and preferred not to file an amended pleading. I reiterated that "there really is no operative pleading for Schunk to respond to and it's not clear what claims are still active." I further stated, "We think the Judge would appreciate the clarity of having a single operative complaint and a single response.

We would also appreciate that clarity."

5. Mr. Spring did not respond to my August 18 email.

6. Mr. Spring did not respond to my follow-up email on August 20, 2026. Given the lack of response, Schunk was forced to file the instant motion.

7. Attached hereto as Exhibit A is a true and correct copy of my email communications with Mr. Spring dated August 18 and 20, 2026.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2026 at Los Angeles, California.

______________________________
Jessica R. Corpuz

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system. A true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing service in accordance with the Federal Rules of Civil Procedure on August 24, 2026.

*/s/ Jessica R. Corpuz*
Jessica R. Corpuz