# EXHIBIT A

**From:** Jessica R. Corpuz
**Sent:** Thursday, August 20, 2026 11:31 AM
**To:** 'Jay Spring'
**Cc:** 'Jude T. Hickland'; 'Rebecca LeGrand'; 'Dan Byrne'; 'Kenneth Traynham'; Sonia T. Amodeo
**Subject:** RE: Mizkif/Emiru

Hi Jay,

Following up on this. Please let us know your position.

Thanks,

Jessica

---

**From:** Jessica R. Corpuz
**Sent:** Tuesday, August 18, 2026 12:04 PM
**To:** Jay Spring <jspring@Burkebog.com>
**Cc:** Jude T. Hickland <jhickland@Burkebog.com>; Rebecca LeGrand <rlegrand@Burkebog.com>; Dan Byrne <DByrne@fritzbyrne.law>; Kenneth Traynham <ktraynham@fritzbyrne.law>; Sonia T. Amodeo <samodeo@weintraub.com>
**Subject:** RE: Mizkif/Emiru

Hi Jay,

Thanks for your email and your thoughts. However, we continue to prefer that Plaintiff file a Second Amended Complaint.

Technically, Plaintiff was obligated to file an amended complaint in response to the Court's July 10 Order. There is no procedural mechanism that we are aware of which permits Plaintiff to file a separate "More Definite Statement" in lieu of an amended complaint. As it stands, there really is no operative pleading for Schunk to respond to and it's not clear what claims are still active.

We think the Judge would appreciate the clarity of having a single operative complaint and a single response. We would also appreciate that clarity. We recommend entering into a stipulation to this effect so that the Court is aware of our reasoning.

Happy to discuss via phone if you like.

Best,

Jessica

Jessica Rankin Corpuz | Shareholder
**weintraub | tobin**

10250 Constellation Blvd., Suite 2900
Los Angeles, CA 90067
direct (310) 860-3327 | jcorpuz@weintraub.com

---

**From:** Jay Spring <jspring@Burkebog.com>
**Sent:** Tuesday, August 18, 2026 10:02 AM
**To:** Jessica R. Corpuz <JCorpuz@weintraub.com>
**Cc:** Jude T. Hickland <jhickland@Burkebog.com>; Rebecca LeGrand <rlegrand@Burkebog.com>
**Subject:** [EXTERNAL] Mizkif/Emiru

Jessica,

Following up on our conversation from yesterday—on further reflection, I think the cleanest way to handle this procedurally is to have y'all just respond to the complaint instead of us amending. The judge already dropped us a note once about noncompliance with local rules, so I don't think we're comfortable with a "seek forgiveness not permission" approach we'd have to take here—and I also don't want to be in a position where, if I need to seek leave to amend after discovery has been conducted to add any parties or claims, I am arguing for a third amendment instead of a second.

Still, we don't want to make this unnecessarily complicated for y'all—if y'all respond to the complaint instead of the More Definite Statement, we won't argue that you have judicially admitted anything in the MDS. I think that should leave both of us in a position where our client's interests are protected, let me know if you don't agree and we can hop on a call to discuss.

**J. COLLIN SPRING**
Associate

burke
bogdanowicz

214.888.2824 (O)

jspring@burkebog.com

1201 Elm Street, Suite 4000
Dallas, Texas 75270

burkebog.com