**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| **MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC,** | § | |
| **Plaintiffs,** | § | **Cause No. 1:25-CV-01773** |
| **v.** | § | |
| **EMILY BETH SCHUNK, OTK MEDIA INC d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC and KING GAMING LABS, INC.,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SCHUNK'S MOTION TO STRIKE

COMES NOW Plaintiffs Matthew Misrendino a/k/a Matthew Rinaudo and Mizkif Enterprises LLC (collectively, "Misrendino" or "Plaintiff"), who file this *Response in Opposition* to Defendant Emily Beth Schunk's *Motion to Strike* (the "*Motion*"). In opposition thereto, Misrendino would show the Court as follows:

## ARGUMENT AND AUTHORITIES

The Court should see the instant *Motion* for what it is: yet another in a long string of delay tactics by Defendant Schunk. By her *Motion*, Schunk complains of receiving the precise relief she sought and obtained. This case will celebrate its first anniversary next month; Schunk has yet to file an answer. The Court should indulge her gamesmanship no further.

The delay tactics employed by Schunk in her ongoing quest to ignore this lawsuit have been many—from needlessly delaying accepting service, to insisting on unreasonable extensions for responsive pleadings, to filing a clearly baseless motion to dismiss. The most recent salvo in this nigh-endless barrage of delay tactics? Schunk now seeks to strike the very *More Definite Statement* that she herself demanded the Court order Misrendino to submit.

Schunk misstates the law in claiming that, per se, an order requiring a more definite statement must be met with an amended complaint. The cases cited by Schunk are inapposite—and one, indeed, has been edited seemingly for the purpose of misleading the Court. Consider the "quotation" Schunk provides from *F.D.I.C. v. Reiner*: "[A] More Definite Statement [is required to] be drafted as a *unitary pleading capable of standing alone* as a complete statement of the allegations making up the claims attempted to be asserted in the prior pleading it is intended to supplement." Mot. at 4 (alterations and emphasis as set forth in Defendant's *Motion*).

Compare this, then, with the *actual* text of that opinion: "Accordingly, this Court requires, *in the exercise of its discretion,* that a More Definite Statement be drafted as a unitary pleading capable of standing alone as a complete statement of the allegations making up the claims attempted to be asserted in the prior pleading it is intended to supplement." *FDIC v. Reiner*, 144 F.R.D. 599, 600 (D. Me. 1992) (emphasis added). Schunk's "creative" alteration of the *Reiner* Court's opinion suggests that there is some inviolable rule that, in every instance, when a motion for more definite statement is granted the complaint must be amended in full. Not only

is that not what *Reiner* says, it in fact makes clear that there is no such rule and the court was acting "in the exercise of its discretion" in so requiring. This is not the first time that Defendant has misrepresented the holding of a case to this Court and, while hope springs eternal, Misrendino is skeptical that it will be the last.

Schunk's contention that nothing but an amended complaint could have satisfied the Court's *Order* is wholly unmoored from the law of this Circuit. While Schunk cites to one case wherein the court quoted a treatise which states an amended pleading is appropriate, *Sefton v. Jew*, 204 F.R.D. 104 (W.D. Tex. 2000), myriad cases in this Circuit have permitted the use of separate more definite statements. *See, e.g., Rubio v. Gatti's Pizza*, No. A-09-CA-127, 2009 WL 10669160 (W.D. Tex. Nov. 23, 2009) (as here, court specifically ordered filing of a "More Definite Statement"); *Escobar v. Tex. Dep't of Family and Protective Servs.*, No. 5:26-CV-01741-MA (W.D. Tex. July 2, 2026) (where court's Order for a More Definite Statement set forth specific matters to be addressed, said statement was insufficient purely because it did not address those matters); *Molina v. March*, No. 07-4296, 2009 WL 10693183 (S.D. Tex. Sept. 28, 2009).

Schunk's *Motion to Strike* is foreclosed by the plain text of the very rule on which it relies. Rule 12(e) makes clear that "[i]f a court orders a more definite statement *and the order is not obeyed* . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order." FED. R. CIV. P. 12(e) (emphasis added). This Court's *Order* of July 10, 2026 (the "*Order*") stated as follows:

> **IT IS FURTHER ORDERED** that Defendant Schunk's Motion to Dismiss, (Dkt. 39), is **DENIED**, but that that Plaintiff Misrendino shall submit a More Definite Statement **on or before August 10, 2026,** identifying each statement by Defendant Schunk that Misrendino alleges to be defamatory, including (1) the exact quotes from her livestream, (2) how each statement is untrue, and (3) how it harms him.

In response, on August 10, 2026, Misrendino submitted a More Definite Statement identifying each statement by Defendant Schunk that Misrendino alleges to be defamatory, including (1) the exact quotes from her livestream, (2) how each statement is untrue, and (3) how it harms him. Rule 12(e) makes clear that a *Motion to Strike* can only follow noncompliance with an *Order*, and Misrendino has followed the Court's *Order* to the letter.

Indeed, it would have been violative of the Federal Rules of Civil Procedure for Misrendino to file an amended complaint as Schunk now belatedly claims he must do. At this stage of proceedings, Misrendino requires leave of court to amend his pleadings. FED. R. CIV. P. 15(a)(2). The *Order* neither compelled Misrendino to amend his complaint nor did it grant him leave to do so. Under Schunk's tortured construction, in response to the Court's *Order,* Misrendino was obligated to file a motion for leave so that he might then subsequently file an amended complaint—i.e., he would have been required to file a separate motion asking this Court for permission to comply with its prior *Order*. Nothing in the *Order* required this (and nothing in Schunk's *Motion for More Definite Statement* requested as much). Schunk's interpretation is patently absurd.

Courts have "a general antipathy toward motion practice that is designed simply to polish the pleadings." *Sefton*, 204 F.R.D. at 107. This is precisely the sort of motion practice Schunk has engaged in throughout the course of this suit and continues to engage in here. The Court should not reward this behavior.

Simply put, Schunk doesn't want to respond to this lawsuit. Since its inception, she has looked for every opportunity to delay the proceedings. The Court should deny this *Motion*, which is clearly dilatory, and enter an *Order* requiring Schunk to file her *Answer* within seven days or within such other period of time as the Court may consider reasonable.

## **CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court DENY Defendant's *Motion to Strike,* enter an *Order* requiring her to respond to the lawsuit within seven days or such other time as the Court considers reasonable, and grant such other and further relief as may be appropriate at law or in equity.

Dated September 8, 2026.

*[remainder of page intentionally left blank]*

Respectfully submitted,

**BURKE BOGDANOWICZ PLLC**

**AARON J. BURKE**
Texas Bar No. 24073977
*aaron@burkebog.com*
**JUDE T. HICKLAND**
Texas Bar No. 24065416
*jhickland@burkebog.com*
**J. COLLIN SPRING**
Texas Bar No. 24118989
*jspring@burkebog.com*

1201 Elm Street, Suite 4000
Dallas, Texas 75270
Tel/Fax 214.888.2824

**ATTORNEYS FOR PLAINTIFFS MATTHEW MISRENDINO A/K/A MATTHEW RINAUDO AND MIZKIF ENTERPRISES LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been served on counsel for all parties having appeared in this matter via CM/ECF on September 8, 2026.

**J. COLLIN SPRING**