**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

**MATTHEW MISRENDINO a/k/a MATTHEW RINAUDO and MIZKIF ENTERPRISES, LLC**,

Plaintiffs,

v.

**EMILY BETH SCHUNK, ZACK HOYT, OTK MEDIA, INC. d/b/a ONE TRUE KING, MYTHIC TALENT MANAGEMENT INC. and KING GAMING LABS, INC.**,

Defendants.

**Case No. 1:25-cv-01773-RP**

**DEFENDANT EMILY BETH SCHUNK'S REPLY IN SUPPORT OF MOTION TO STRIKE MORE DEFINITE STATEMENT**

## I. <u>Introduction</u>

The Opposition (Dkt. No. 67) filed by Plaintiff Matthew Misrendino ("Misrendino") never answers the only question that matters: what is the single operative pleading that Emily Beth Schunk ("Schunk") must answer? Instead of confronting that question, Misrendino devotes the bulk of his brief to attacking a rule Schunk never advanced—a supposed "per se" requirement that every Rule 12(e) order must be met with an amended complaint. Schunk's actual argument is narrower and fact-specific: because this Court found the First Amended Complaint deficient and ordered Misrendino to cure those deficiencies, the only filing that could accomplish that cure is an amended, superseding pleading that stands as the operative statement of *all* his claims and permits Schunk to file a single responsive pleading. Misrendino's freestanding More Definite Statement does not supersede the First Amended Complaint, does not incorporate it, does not cure the deficiencies the Court identified, and cannot be admitted or denied under Rule 8. The result is two conflicting operative documents that impose a needless burden on the Court and Schunk. Rule 12(e) expressly vests this Court with discretion, upon noncompliance, to "strike the pleading or issue any other appropriate order." The Court should exercise that discretion here.

## II. <u>The Court Should Strike the More Definite Statement and Order Misrendino to File a Second Amended Complaint</u>

### A. <u>Misrendino Concedes that the First Amended Complaint and the More Definite Statement are Contradictory and There is No Single Pleading for Schunk to Answer</u>

The More Definite Statement does not even refer to the First Amended Complaint. It does not indicate how Schunk or the Court should reconcile these two contradictory and confusing pleadings. It does not attempt to supersede or incorporate the First Amended Complaint. Any incorporation of a prior pleading must be done "with a degree of specificity and clarity which

would enable the responding party to easily determine the nature and extent of the incorporation." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006) (quoting *Wolfe v. Charter Forest Behavioral Health Sys., Inc.,* 185 F.R.D. 225, 228–29 (W.D.La.1999)) (citing 5 Charles Allan Wright & Arthur R. Miller, Fed. Practice and Procedure: Civil 2d § 1326 ("[R]eferences to prior allegations must be direct and explicit in order to enable the responding party to ascertain the nature and extent of the incorporation.")). Because the More Definite Statement does not reference, supersede, or incorporate the First Amended Complaint, the First Amended Complaint remains operative alongside the More Definite Statement, leaving two conflicting documents. There is no single pleading for Schunk to answer.

The coexistence problem is not abstract. Some statements in the More Definite Statement seem to track allegations in the First Amended Complaint; others are entirely new. Meanwhile, some prior allegations – for example, the Paragraph 20(n) claim that Schunk said Misrendino "was screaming at her due to her cat" – silently disappear, with no indication whether they are withdrawn or remain operative. *Compare* First Amended Complaint (Dkt. 25) ¶ 20(n)), with More Definite Statement, Dkt. 60 (omitting the allegation without explanation). Schunk cannot determine which allegations remain live, cannot admit or deny them under Rule 8, and cannot discern whether she must respond to one document, the other, or both together. Requiring a party to answer a bifurcated, self-contradictory set of pleadings is unfairly burdensome to the responding party and to the Court, which must parse through the plaintiff's claims. *See FDIC v. Reiner*, 144 F.R.D. 599, 600 (D. Me. 1992) ("a bifurcated pleading causes all who use or rely on the pleading, including the Court, to be beset with uncertainties and ambiguities as to how the provisions of the two documents are intended to mesh").

The Opposition never addresses this coexistence problem. It never explains which pleading Schunk is supposed to respond to. It never disputes that the two documents conflict. And it never identifies any mechanism by which the More Definite Statement supersedes the First Amended Complaint. By failing to respond to the central defect raised by Schunk, Misrendino concedes the point.

**B. <u>Case Law Plainly Requires a "Unitary Pleading" for Schunk to Respond</u>**

The Opposition builds its central argument around the strawman premise that Schunk urged a "per se" rule requiring every Rule 12(e) order to be satisfied with an amended complaint. Schunk did no such thing. Her position is that, on *these facts* (an Order that found the First Amended Complaint deficient and directed Misrendino to cure those deficiencies) only an amended, superseding *pleading* produces a single operative document that sets forth the entirety of Misrendino's claims. Rule 8(e)(1)'s command that averments be "simple, concise, and direct" cannot be satisfied by forcing a defendant to answer two documents that conflict with each other.

Misrendino feigns outrage because Schunk cited to *FDIC v. Reiner*, 144 F.R.D. 599 (D. Me. 1992), using bracketed language to show alterations from the original text. This is a preposterous red herring. Schunk's brief presented the bracketed language from *Reiner* openly and obviously, using standard conventions of legal quotation. Bracketed alterations disclosed on their face are a universally recognized convention, not an attempt to mislead.

Take the opinion exactly as Misrendino quotes it: "Accordingly, this Court requires, in the exercise of discretion, that a More Definite Statement be drafted as a unitary pleading capable of standing alone as a complete statement of the allegations making up the claims attempted to be asserted in the prior pleading it is intended to supplement." *Reiner*, *supra*, at 600. That is precisely what Misrendino did *not* do:

- **Not "unitary."** The More Definite Statement coexists with the First Amended Complaint as a separate document, producing two operative filings rather than one.
- **Not "standing alone."** The More Definite Statement presumably (because it does not explicitly state one way or another) depends on the First Amended Complaint for the identification of parties, claims, and legal theories.
- **Not a "complete statement."** The filing omits prior allegations (such as the Paragraph 20(n) "cat" allegation) without explanation. It also expressly "reserves the right to amend this Statement in the future as more facts become known … through the course of discovery" – a reservation that signals, by its own terms, that the statement is incomplete. *See* More Definite Statement (Dkt. No. 60) at p. 1.

The plain language of *Reiner* does not rescue his mis-filing; the operative language condemns it. The phrase Misrendino emphasizes – "in the exercise of its discretion" – confirms that a court has discretion to require a unitary pleading. Rule 12(e) supplies this Court the same discretion: upon noncompliance, the Court "may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). Discretion is the source of the Court's authority to grant Schunk's requested relief, not a reason to deny it.

The Opposition also attempts to dismiss *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) as merely quoting a treatise, but the standard it articulates is squarely on point: to satisfy an order for a more definite statement, "the party must submit an amended pleading containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading." 204 F.R.D. at 106 (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376. p. 636 (2d ed.1990)). That is exactly what Misrendino refused to do, and exactly what Schunk now asks the Court to require.

Misrendino further claims that a variety of string-cited cases support his position; they do not. As the party invoking these authorities, Misrendino bears the burden of showing that they address the question actually before the Court. The dispositive issue is not whether a district court may ever direct a plaintiff to file a document labeled a "More Definite Statement" – of course it may, and this Court did. The issue is whether a plaintiff may satisfy such an order by filing a freestanding statement that neither supersedes nor incorporates a complaint the court has already found deficient, thereby leaving two conflicting operative documents that the defendant cannot answer. On none of Misrendino's three cases is that question presented, let alone resolved in his favor.

First, *Rubio v. Gatti's Pizza*, No. A-09-CA-127 LY, 2009 WL 10669160 (W.D. Tex. Nov. 23, 2009) says nothing about the two-document problem presented here. It holds only that a pro se plaintiff who had substantially answered the court's questions in a more definite statement (unlike Misrendino here) should not be dismissed for non-prosecution.

Second, *Escobar v. Texas Department of Family & Protective Services*, No. 5:26-CV-01741-MA, 2026 WL 1954414 (W.D. Tex. July 2, 2026) actually supports Schunk. There, another pro se plaintiff was directed to "file a More Definite Statement addressing eight specific deficiencies," but her statement "failed to respond to most of the court's questions and requested documentation." *Id.* at *1. The court accordingly held "dismissal warranted under Federal Rule of Civil Procedure 41(b) for failure to comply with the court's order for a More Definite Statement." *Id.* *Escobar* therefore stands for the proposition that a More Definite Statement that does not address the specific matters the court required is noncompliant and exposes the pleading to dismissal.

Lastly, *Molina v. March*, No. 07-4296, 2009 WL 10693183 (S.D. Tex. Sept. 28, 2009), is furthest afield. It is a Southern District of Texas decision resolved on summary judgment, and its only reference to a more definite statement is a passing procedural note. *Id.* at *4. The opinion never analyzes the sufficiency, propriety, or effect of that statement, much less whether it could coexist with a complaint the court had found deficient. A lone sentence noting that a more definite statement was ordered and filed cannot bear the weight Misrendino places on it.

In short, none of Misrendino's authorities confront (much less endorse) the maintenance of a non-superseding More Definite Statement alongside a First Amended Complaint the Court has found deficient. They do not answer the Motion.

### C. <u>So-Called "Compliance to the Letter" That Defeats the Order's Purpose is Not Compliance</u>

The purpose of the Court's July 10 Order was to yield a pleading Schunk could answer – one that identifies the exact statements alleged to be defamatory, explains how each is untrue, and describes how each causes harm. *See* Order (Dkt. No. 57), at 2 (ordering Misrendino to identify (1) the exact quotes, (2) how each is untrue, and (3) how it harms him). A filing that cannot be admitted or denied under Rule 8, that leaves the operative pleading ambiguous, and that expressly "reserves the right to amend this Statement in the future as more facts become known … through the course of discovery" is neither complete nor filed in good faith. *See* More Definite Statement (Dkt. No. 60) at 1 (reservation of right to amend). By treating the Court's Order as an invitation to plead conclusions now and locate support later, Misrendino has refused to comply with the Court's clear directive.

Courts confronting similar noncompliance have not hesitated to act. "[I]n some circumstances, if a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be

warranted." *Artis v. Yellen*, 309 F.R.D. 69, 73 (D.D.C. 2015), *aff'd,* No. 15-5260, 2015 WL 10583057 (D.C. Cir. Dec. 21, 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 (3d ed.2015)). In *Artis*, the Court gave the plaintiff one final opportunity to file an Amended Complaint, but threatened that noncompliance could result in the dismissal of the case. *Id*. at 76. And in *Sefton*, this Court's own sister court recognized that "[i]f the Rule 12(e) order is not complied with and the subject of the order is the complaint, the complaint may be stricken, which has the effect of a dismissal of the action." *Sefton*, *supra*, 204 F.R.D. at 106 (internal quotations omitted). The authorities confirm that the Court's power to strike and order compliance is well established.

The Opposition also argues that Misrendino could not have filed an amended complaint because Rule 15(a)(2) required leave of court, and the July 10 Order neither compelled amendment nor granted leave. This argument rests on a false premise. The July 10 Order (Dkt. No. 57) both denied Schunk's motion to dismiss and directed Misrendino to file a curative statement by a date certain. An order directing a plaintiff to cure a deficient pleading is itself authorization to file the curative pleading; no separate motion for leave was required. The premise that Misrendino needed the Court's "permission to comply with its prior Order" is a false dilemma of his own construction.

Moreover, even if leave were required, it posted no obstacle. Rule 15(a)(2) directs that the "court should freely give leave when justice so requires." In fact, Schunk expressly offered to stipulate to an agreed schedule under which Misrendino would file a Second Amended Complaint, and offered Misrendino whatever reasonable time he needed to do so. *See* Declaration of Jessica R. Corpuz in Support of Motion to Strike More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) ("Corpuz Decl.") (Dkt. No. 64-1), ¶¶ 3–5; Ex. A (Dkt. No. 64-2). Misrendino cannot invent a procedural obstacle, decline the cooperative cure Schunk proposed, and then blame Schunk for

the resulting ambiguity. If any absurdity exists in this procedural posture, it is the notion that a plaintiff may respond to a court order directing him to clarify a deficient complaint by filing a freestanding document that neither supersedes the complaint nor cures the deficiencies, and then demand that the defendant answer both.

### D. Schunk Has Consistently Acted in Good Faith, Unlike Misrendino

The Opposition invokes *Sefton*'s observation that courts harbor "a general antipathy toward motion practice that is designed simply to polish the pleadings." 204 F.R.D. at 107. That principle has no application here. Schunk is not seeking to polish an already-adequate pleading; she seeks a single operative pleading she can answer after this Court found the existing one deficient. That is the opposite of cosmetic motion practice; it is a necessary step to resolve a structural defect that Misrendino's own filing created.

The record demonstrates that Schunk acted in good faith and with appropriate urgency. The More Definite Statement was filed on August 10, 2026 (Dkt. No. 60). One week later, Schunk's counsel conferred by telephone with Misrendino's counsel, explained the coexistence problem, and proposed a stipulated schedule for a Second Amended Complaint, offering Misrendino whatever reasonable time he needed to comply. *See* Corpuz Decl. (Dkt. 64-1), ¶¶ 3–5. Misrendino's counsel was initially receptive. *Id.* One day later, on August 18, he reversed course and stated he preferred not to file an amended pleading. *Id*. at Ex. A, (Aug. 18, 2026 email from J. Collin Spring). Schunk's counsel reiterated: "there really is no operative pleading for Schunk to respond to and it's not clear what claims are still active," and "[w]e think the Judge would appreciate the clarity of having a single operative complaint and a single response." *Id.* at Ex. A (Aug. 18, 2026 email from Jessica R. Corpuz). Misrendino's counsel did not respond to the August 18 email, nor to a follow-up email on August 20, 2026. *See id.* at ¶¶ 3-5, Ex. A. Given the lack of response, Schunk had no choice but to file the Motion.

*Schunk* is the party who sought an efficient, orderly resolution. Misrendino is the party who created – and is now perpetuating – the procedural ambiguity. And when confronted with a proposed solution, Misrendino refused to even respond. The Opposition's "delay" narrative has the facts backwards.

Misrendino also casts some vague, unsupported aspersions against Schunk. He claims that she "needlessly delay[ed] accepting service," yet has already submitted to the Court the very emails between counsel in which Schunk accepted service and counsel politely negotiated a mutually-convenient date for a responsive pleading. *See* Misrendino Response to Order to Show Cause (Dkt. No. 35), Ex. A (Dkt. No. 35-1) and Ex. B (Dkt. No. 35-2). In fact, in the midst of the parties' negotiations regarding such dates, Misrendino suddenly sprung the First Amended Complaint on Schunk on the very same day the parties had come to an agreement on a deadline to respond to the now-mooted original Complaint. If any party is causing a delay, it is Misrendino not Schunk. *Id.* at Ex. B (Dkt. No. 35-2), p. 5. He also claims that she filed a "clearly baseless motion to dismiss," yet the Court granted Schunk's motion in part and ordered Misrendino to file a More Definite Statement. This kind of mudslinging is unbecoming and inappropriate in a court of law. Presumably, such statements are included merely to influence the court of public opinion, as they are handily disproven by the record in this case.

**E. <u>The Relief Requested by Misrendino Should be Denied</u>**

Misrendino's request that the Court order Schunk to answer within seven days presupposes a clear operative pleading – precisely what is missing here. Until the Court resolves the coexistence of the First Amended Complaint and the More Definite Statement, no answer can meaningfully be framed. The request is premature and unworkable.

Compelling Schunk to respond to two conflicting documents would prejudice her in multiple respects. She would be forced to guess which allegations remain operative, forfeiting her

ability to respond – including by motion – to a properly framed Second Amended Complaint. The proper course is to strike the More Definite Statement and order a Second Amended Complaint, producing the single operative complaint and single response that best serves the Court and all parties.

## III. **Conclusion**

For the foregoing reasons, Schunk respectfully requests that the Court: (1) strike Misrendino's More Definite Statement (Dkt. 60); (2) order Misrendino to file a Second Amended Complaint containing a "simple, concise, and direct" statement of his alleged claims against Schunk; and (3) provide that, should Misrendino fail to do so within the time set by the Court, the First Amended Complaint (Dkt. 25) shall be stricken as to Schunk and the claims against her dismissed. This path produces the single operative complaint and single response that best serves the Court and both parties.

[*remainder of page intentionally left blank*]

DATED: September 15, 2026

Respectfully submitted,

*/s/ Jessica R. Corpuz*
Jessica R. Corpuz
Admitted *Pro Hac Vice*
California Bar No. 279237
jcorpuz@weintraub.com
Carly M. Moran
Admitted *Pro Hac Vice*
California Bar No. 333661
cmoran@weintraub.com
Sonia T. Amodeo
Admitted *Pro Hac Vice*
California Bar No. 349279
samodeo@weintraub.com
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN LAW CORPORATION**
10250 Constellation Boulevard, Suite 2900
Los Angeles, California 90067
Telephone: (310) 858-7888
Facsimile: (310) 550-7191

Daniel H. Byrne
Texas Bar No. 03565600
dbyrne@fritzbyrne.law
**FRITZ BYRNE, PLLC**
402 West Seventh Street,
Austin, TX 78701
Telephone: (512) 476-2020

**ATTORNEYS FOR DEFENDANT EMILY BETH SCHUNK**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system. A true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing service in accordance with the Federal Rules of Civil Procedure on September 15, 2026.

*/s/ Jessica R. Corpuz*
Jessica R. Corpuz